(18 App. Div. 8.)

In re TRUSTEES OF NEW YORK AND BROOKLYN BRIDGE.

(Supreme Court, Appellate Division, Second Department. May 11, 1897.)

1. CONDEMNATION PROCEEDINGS—ASSESSMENT OF DAMAGES.
    After a lot owner had begun to build he was notified that a certain part of his lot would be condemned for public purposes, and he changed his building plans accordingly. The commissioners appointed to assess the damages reported that the value of the land taken was the difference between the value of the entire lot and the value of what remained after the part was taken. In another part of the report it was stated that the owner (by his change of plan) had converted the part taken into vacant land, which could be put to no valuable use. *Held*, that the concluding statement was not intended to enunciate any different rule of compensation than that first stated, and therefore the two portions of the report were not conflicting.

2. SAME—INCIDENTAL DAMAGES—CHANGING PLAN OF BUILDING.

A lot owner, who, after notice that part of his lot was to be condemned, changed the plan of a building which he was erecting so as to omit the part of the lot to be condemned, is entitled to compensation for the expense so occasioned.

Appeal from special term, Kings county.

Petition by the trustees of the New York and Brooklyn Bridge to acquire title to real property in the city of Brooklyn, belonging to Patrick Cassidy and others. From an order setting aside the report of the commissioners of appraisal, petitioners appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

James C. Bergen, for appellants.

Jesse Johnson, for respondents.

CULLEN, J. The court at special term set aside the report of the commissioners of appraisal appointed in this proceeding, upon the ground that the report showed on its face that the commissioners had adopted an erroneous theory of estimating the compensation. The question upon which the decision at special term proceeded wholly depends upon the construction to be given to the language used in two different portions of the report, which the learned court was of opinion were in conflict and contradictory. We are unable to concur in that view, though we think the conclusion reached was correct. The land taken by the plaintiffs is a small triangle at the corner of defendants' plot, 7 feet 6 inches in front on the street, 14 feet in depth, and containing about 45 square feet. A short time before these proceedings were initiated, the plaintiffs notified the defendants of its intention to acquire the triangular plot. At the time the defendants were proceeding to erect a building on their land. On the receipt of the notice from the plaintiffs, the defendants modified the plans of their structure, so as to omit the triangle sought to be condemned. They had proceeded so far with their building as to lay a foundation wall on the triangle. At the litigation before the commissioners, the defendants contended that they were to be allowed for damages occasioned by the change of plan, and the diminution in the value of their structure, which was wholly completed at the time of the proceedings. The commissioners reported as follows:

"We have determined the value of the property taken to be the difference between the value of the whole property of which that taken formed a part before the taking and the value of the whole property of which that formed a part after the taking. * * * In determining the fair market value as aforesaid, we have given due consideration and effect to the best and most advantageous use to which the property as a whole could have been devoted, as well as to the use to which it has been devoted; and we have determined the value of the premises taken, according to the rule as adopted by us, as hereinafter stated, to be the sum of $410.30 as vacant land, and also the sum of $102.52 for the foundations aforesaid, making in all the sum of $512,-82. We have declined to consider that, by reason of the change of plan and of construction of the building upon the part of the property not taken, any right to compensation in the nature of damages to a building never put upon the premises taken has arisen to the owner. * * * The foregoing findings and conclusions are governed by the judgment of the commissioners, that,

in awarding compensation, they cannot allow, as part of the compensation to be made for the taking of this particular land, or as an element of damage to the residue of the land as a consequence of such taking, any claim of damage because the defendant landowners, after being notified by the plaintiffs of an intention to acquire the land in question, abandoned the completion of a projected building then in the course of erection, and which, at the time of such abandonment, had been so far erected as to include the entire plot, and had been carried up to the first tier of beams. The said abandonment on the part of the defendant landowners consisted of tearing down so much of the contemplated structure as had been erected upon the land sought to be acquired by this proceeding, and contracting the dimensions of the building, as originally planned, by running a portion of the northerly wall thereof along the southerly line of the land sought to be acquired. In the opinion of the commissioners, this course on the part of the defendant landowners converted the premises now sought to be acquired into vacant land, separated and distinct from the residue of this plot. The commissioners can conceive of no valuable use to which this vacant piece of land can be put."

The special term was of opinion that the rule first enunciated by the commissioners, that the measure of compensation was the difference between the value of the whole premises before the taking and the value of the property left after the taking, was correct; but it further thought that the statement in the concluding clause of the report, that, "in the opinion of the commissioners, this course on the part of the defendant landowners converted the premises now sought to be acquired into vacant land, separated and distinct from the residue of this plot. The commissioners can conceive of no valuable use to which this vacant piece of land can be put,"—showed that the commissioners had departed from the rule they had previously enunciated, and awarded compensation, treating the plot taken as wholly separated and disconnected from the remainder of the defendants' property. We think this is not the fair interpretation of the report. The defendants were entitled to receive as compensation both the value of the land taken and the injury, if any, done to the value of their remaining lands. The statement in the conclusion of the report that, in the opinion of the commissioners, the course on the part of the defendant landowners converted the premises sought to be taken into vacant land, separate and distinct from the residue of the plot, and that the commissioners could not conceive of any valuable use to which the plot could be put, does not show that the commissioners awarded as compensation solely the value of the land so separated. On the contrary, they unequivocally assert that the compensation was determined by deducting from the value of the whole property before the taking the value of the property remaining after the taking. The correctness of this assertion is shown by the fact that though the commissioners stated that the land taken, treated as a vacant tract, was susceptible of no valuable use, they have awarded for it the sum of $410.30. We are of opinion, however, that there was an item of damage for which the defendants were not allowed, and for which they were entitled to compensation. An allowance was made for the foundation left on the ground, but it appears that, when the notice of intention to take the property was given, the building had proceeded as far as the first tier of beams. Now, we agree with the commissioners that, in determining the compensation, they could not consider a proposed building which was

never carried to completion; but this is not the ordinary case of a landowner seeking damages because his inchoate and unexecuted intention to improve the property in some particular manner is necessarily modified or frustrated. The work of constructing the building was actually prosecuting at the time of the notice. It may be that the defendants were not prevented from continuing their improvement until the title of the property was actually acquired. In such case the plaintiffs would have been compelled to pay for the injury to the structure. Now, assuming that the defendants had that right, still the fact that they adopted the other course, of at once modifying their building in accordance with the notice given them by the trustees, and thus saving expenditures unnecessarily to be made, should not operate to their prejudice. Their action in proceeding at once to change the plan of the building and its construction was in the interests of the plaintiffs, as well as to their own. Whatever may be the general rule governing awards in condemnation proceedings, there may be special circumstances taking any particular case out of the rule. It would shock our sense of justice that in this case the defendants should not be allowed the actual cost and expenditure incurred by them in changing the plan of their structure. For this reason, we think the award should not stand.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.