In the Matter of the Application of the BOARD OF WATER SUPPLY OF THE CITY OF NEW YORK, Respondent, to Acquire Real Estate.

EZRA EMPT et al., Appellants.

Argued March 10, 1938; decided April 12, 1938.

*George F. Kaufman* and *Thomas J. Plunket* for appellants. The effect of the depression was a proper element to be considered by the commissioners of appraisal in awarding just and equitable compensation to appellants, and the evidence of the fair market value of the condemned parcel in October, 1930, was properly received. (Orgel on Valuation under Eminent Domain, § 17; *Banner Milling Co.* v. *State*, 240 N. Y. 533; *Matter of City of New York*, 265 N. Y. 170; *Matter of City of New York [Inwood Hill Park]*, 197 App. Div. 431; *People ex rel. Brown* v. *Purdy*, 186 App. Div. 54; *Heiman* v. *Bishop*, 272 N. Y. 83; *President of Manhattan Co.* v. *Premier Building Corp.*, 247 App. Div. 297; *Matter of City of New York [Triborough Bridge]*, 151 Misc. Rep. 862; *United States* v. *Inlots*, 26 Fed. Cas. 490; *Kohl* v. *United States*, 91 U. S. 367; *Howell* v. *State Department*, 167 S. C. 217; *Alishausky* v. *MacDonald*, 117 Conn. 138; *Kansas City R. R. Co.* v. *Fisher*, 49 Ky. 17; *Suburban Land Co.* v. *Arlington*, 219 Mass. 530; *County of Erie* v.

*Fridenberg*, 221 N. Y. 389; *Matter of City of New York*, 265 N. Y. 170; *People ex rel. Amalgamated Properties, Inc.*, v. *Sutton*, 274 N. Y. 309.) The reception and consideration of the disputed evidence did not in any event justify reversal. (*Matter of Bronx Parkway Comm.*, 192 App. Div. 412; *Matter of City of New York* [*Blackwells Island Bridge*], 198 N. Y. 84; *Matter of Simmons*, 195 N. Y. 573.) The certified question requires the determination by the Court of Appeals of matters of law exclusively and is proper. (*Baxter* v. *McDonnell*, 154 N. Y. 432; *Continental Cas. Co.* v. *National Slovak Sokol, Inc.*, 269 N. Y. 283.)

*William C. Chanler*, Corporation Counsel (*Henry R. Bright* and *John E. Egan* of counsel), for respondent. The appeal should be dismissed and the question certified should not be answered, because an answer to the question requires not only a review of the facts but a review of the amount of the award. (*Bowlby* v. *McQuail*, 240 N. Y. 684; *Blaschko* v. *Wurster*, 156 N. Y. 437; *Metropolitan Trust Co.* v. *Bishop*, 237 N. Y. 607; *Schieffelin* v. *Hylan*, 229 N. Y. 633; *Palmer* v. *State*, 217 N. Y. 601; *McGraw* v. *Hann*, 263 N. Y. 674; *Matter of Martin*, 219 N. Y. 557; *Matter of Westerfield*, 163 N. Y. 209; *Grannan* v. *Westchester Racing Assn.*, 153 N. Y. 449; *Matter of City of New York* [*Northern Boulevard*], 258 N. Y. 136; *Matter of Thompson*, 121 N. Y. 277.) The question certified should be answered in the affirmative because, by receiving and considering the evidence of alleged value of appellants' property as of October, 1930, the commissioners of appraisal adopted an erroneous theory of valuation. (*Matter of Van Etten*, 226 N. Y. 483; *Matter of City of New York* [*Fourth Avenue*], 255 N. Y. 25; *County of Erie* v. *Fridenberg*, 221 N. Y. 389; *Olson* v. *United States*, 292 U. S. 246; *United States* v. *New River Collieries*, 262 U. S. 341; *Lebanon & Nashville Turnpike Co.* v. *Creveling*, 159 Tenn. 147; *Langdon* v. *Mayor*, 59 Hun, 434; 133 N. Y. 628; *Minnesota Rate Cases*, 230 U. S. 352; *Brooks-*

*Scanlon Corp.* v. *United States,* 265 U. S. 106; *Phelps* v. *United States,* 274 U. S. 341; *Alishausky* v. *MacDonald,* 117 Conn. 138; *Chicago, K. & W. R. R. Co.* v. *Parsons,* 51 Kan. 408; *Howell* v. *State Highway Department,* 167 S. C. 217.)

RIPPEY, J. The extent, nature of the estate to be acquired, and the occasion of taking private property for public use rest in the discretion of the Legislature (*Matter of City of New York,* 190 N. Y. 350) within the limitations established by article I, sections 6 and 7, of the State Constitution (*People* v. *Adirondack Ry. Co.,* 160 N. Y. 225; affd., 176 U. S. 335), although the right of eminent domain is an inherent attribute of sovereignty (*Heyward* v. *Mayor,* 7 N. Y. 314). The power may be delegated to a municipal corporation (*People ex rel. Burhans* v. *City of New York,* 198 N. Y. 439). Such power was delegated by the Legislature by chapter 724 of the Laws of 1905, as amended, to the city of New York for the purposes of the construction of the Lackawack Dam and of the Delaware Aqueduct and appurtenances in the vicinity of Lackawack. Acting under the authority thus given, the city of New York filed a real property map in Ulster County Clerk's office on July 24, 1936, of what is known as " Delaware Section No. 6," which included therein the property of Ezra Empt and wife described as parcel No. 1254, and took the property for the purposes specified in such act on November 16, 1936. In condemnation proceedings, the commissioners made an award to the owners which was confirmed by the Special Term but set aside by the Appellate Division as matter of law on the ground that incompetent testimony as to value was received and considered by the commissioners in fixing the amount of the award. The sole question certified for our consideration is whether it was " reversible error for the commission to receive and consider evidence as to the market value of the parcel as of October, 1930." We think

that question involves a determination of no question of fact and may be answered without passing beyond the limits of our jurisdiction as established by law.

It is asserted by the city that the acceptance and consideration of evidence of market value as of the nearest earlier date when the property had a market value within the legal meaning of that expression will establish a new rule by which compensation for property taken by power of eminent domain may be measured and will destroy time-tested standards of measurement. If such were the only evidence considered by the commissioners and it constituted the sole basis for making an award there would be force to respondent's contention, but such is not the situation in the case at bar.

The Constitution (Art. I, § 6) prohibits the taking of private property for public use without just compensation. Just compensation has been measured in cases of this kind by the fair market value of the property taken as of the date of taking (Orgel on Valuation under the Law of Eminent Domain, § 16; *Matter of Van Etten* v. *City of New York*, 226 N. Y. 483, 489; *Brooks-Scanlon Corp.* v. *United States*, 265 U. S. 106, 123). It includes the market value of the premises actually taken and also any damages resulting to the residue, including those which will be sustained by reason of the use to which the portion taken is to be put by those acquiring it (*South Buffalo Ry. Co.* v. *Kirkover*, 176 N. Y. 301). Generally speaking, that is still doubtless the general rule, but even that must yield to exceptional circumstances, for " each case necessarily involves different facts and must be considered by itself " (*Banner Milling Co.* v. *State of New York*, 240 N. Y. 533, 546). The Legislature has recognized as a matter of public policy this patent fact in enacting section 1083-a of the Civil Practice Act, where the rule is laid down that in cases where there is no market at the date when value should be determined, value must be fixed at " such nearest earlier date as there shall have been any market

value thereof," and this court in commenting upon that act and affirming the earlier definition of market value said in *Heiman* v. *Bishop* (272 N. Y. 83, at p. 86), " Prior to the depression, the method of determining the market value of real property was fairly well established by the decisions of the courts. In a general way, the market value of real property is the amount which one desiring but not compelled to purchase will pay under ordinary conditions to a seller who desires but is not compelled to sell." It is further observed in that case " that in the various definitions of market value of real property stated by the courts there appears the words ' under ordinary conditions ' or ' under ordinary circumstances ' or words of like import. Certainly, during the depression, ordinary conditions have not existed in the real property market. Conditions in that market have been extraordinary and unprecedented." This court laid down the rule in *People ex rel. Amalgamated Properties, Inc.*, v. *Sutton* (274 N. Y. 309, at p. 311) that " the effect of the financial depression since 1929, which the referee considered, is also a proper element of present market value," and in *Matter of New York Title & Mortgage Co.* (277 N. Y. 66) we indicated the proper method of fixing the value of mortgages during the period of the depression of which judicial notice must be taken. In all of those later cases this court has indicated, in so far as the questions involved required such indication, the elements that might be taken into consideration in fixing market value as of a definite date.

Indications of the elements that may be considered by the authority fixing value, whether in condemnation cases or in other cases, do not abrogate or destroy the general rule that value must be fixed as of the time when the property was converted or taken. Rules are merely laid down as to the type or character of evidence admissible properly for the consideration of the value-fixing authority in determining the value of property on a particular date.

No hard and fast rule can be laid down that will cover every case or fix in advance the limit of the matters that

may be taken into consideration by the commissioners in any particular case. Evidence of such matters, of course, must be relevant. Here, it must be relevant to the question of what constitutes " just compensation " required by the Constitution and " just and equitable compensation which ought justly to be made by the city of New York to the owners or the persons interested in the real estate sought to be acquired or affected," as required by the terms of the act authorizing the taking (Laws of 1905, ch. 724, § 12) as of the date of taking.

Speaking generally, it may be said that, in condemnation cases, evidence as to the age, location, condition, productiveness or lack thereof, cost, and adaptable uses of the property taken or affected by the taking properly has been held relevant to the issue. Evidence of reproduction cost of structures affected less depreciation, improvements made on the property, consequential damage to portions not appropriated, and the fair market value of the property taken as of the date of appropriation may be relevant, according to the situation in a particular case. There may be many other matters open for consideration by the commissioners. Omission of an attempt to enumerate all is of no consequence here. It would be a difficult and unsatisfactory venture. No single element standing alone is decisive.

In any solution by the commissioners in condemnation proceedings of the question up for determination, there is involved to an appreciable extent a problem of valuation. Neither in the Constitution nor in the act before us is " value " specified in terms as the criterion of just and equitable compensation for the appropriation of real property. Such compensation, however, cannot be less than the " fair market value " of the property taken in terms of cash as of the particular date of taking plus consequential damages to the owner (*South Buffalo Ry. Co.* v. *Kirkover, supra; Smith* v. *Commonwealth*, 210 Mass. 259, 261). " Fair market value " means neither panic

value, auction value, speculative value, nor a value fixed by depressed or inflated prices. A fair market value is not established by sales where prices offered are so small that only sellers forced to sell will accept them. The mere absence of competitive buyers does not establish lack of a real market. But a market in fact may be established only where there are willing buyers and sellers in substantial numbers. When there is no real market as of a particular date, some indication of the intrinsic economic and commercial value of the property to the owner and of his loss from the appropriation as of that date may be shown by evidence of the " fair market value " of the property, if in substantially the same condition, at the nearest earlier date when there was a fair market. " Fair market value " of property actually taken as of the date of appropriation resides in an estimate and a determination of what is the fair, economic, just and equitable value under normal conditions (*Howell* v. *State Highway Dept.*, 167 S. C. 217). All elements of value that inhere in the property should be considered (*Heiman* v. *Bishop*, *supra; Olson* v. *United States*, 292 U. S. 246, 255, 256).

In the case at bar, evidence was admitted which indicated that appellants' property had no market value on November 16, 1936, and that there was not then and had not been since the fall of 1930 any fair market for real property in the locality where the property in question was situate. The record contains a description of the general financial and economic conditions and market conditions for real estate existing over a period of ten years preceding the date of taking. A witness testified that there had been no substantial change in the physical condition of appellants' property as a whole since the fall of 1930. He gave evidence of its fair market value as of that date. Another witness was permitted to testify as to its fair market value at that time. The award was much lower than the 1930 value fixed by either witness. The city objected to the admission of the testimony of the 1930 value. No error is presented on the record before us

in the admission of such evidence. It tended to show what was the intrinsic commercial value of the property as of that date. It was proper for consideration by the commissioners, in connection with the other evidence in the case, on the question as to what was the just and equitable compensation that must be made to the owner under the constitutional mandate and under the statutory requirement (Laws of 1905, ch. 724, § 12) for property taken from him for public use.

The order of the Appellate Division so far as appealed from should be reversed and the order of the Special Term affirmed, with costs in the Appellate Division and in this court. The question certified should be answered in the negative.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.