In the Matter of CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property Required for the Opening and Extending of 68th (10th and 11th) Street, and 35th (Fillmore) Avenue, in the Borough of Queens. NAOMI KAPLAN et al., Appellants.— No opinion. Present — Hagarty, Carswell, Adel, Taylor and Lewis, JJ.

In the Matter of CITY OF NEW YORK, Appellant and Respondent, Relative to Acquiring Title to Real Property Required for the Addition to the Public Beach, bounded by West 15th Street and Other Streets, in the Borough of Brooklyn. LOUISE M. NORWOOD et al., Trustees of HENRY N. HENDERSON, Deceased, et al., Respondents and Appellants.— No opinion. Close, P. J., Carswell and Lewis, JJ., concur; Johnston and Taylor, JJ., dissent and vote to reverse the decree on the law and to remit the proceeding to the trial

court with a direction to proceed to fix the damages for the taking of the real property of the respondents-appellants, respectively, in accordance with the views expressed in the following memorandum: Although, in our opinion, the learned trial justice was right in refusing to adopt the legal theory presented by the city of New York, incident to which theory was the city's assertion that its appraisals (the so-called second set) were the only ones which recognized that the respondents-appellants' property had the same full measure of board-walk advantage after the taking as before, we are of opinion that the justice erred in applying the so-called Fourth avenue rule (*vide Matter of City of New York [Fourth Avenue]* 255 N. Y. 25) to the factual situation disclosed in this proceeding, to which situation that rule has no application. The attempted application of it, reflected in the decree appealed from, in our opinion resulted in the offsetting, contrary to law, of benefits from the relocated boardwalk improvement against actual damages suffered by claimants respectively by reason of the pre-emption of that part of their real property which was taken in condemnation. The proper legal theory to be employed in the fixation of damages for the taking of a given claimant's real property herein and the law governing such taking are as follows: Where part of a parcel of real estate is taken by condemnation for public use, the owner is entitled to be compensated for the value of the part taken measured by the difference between the fair market value of the entire property and that of the remainder after the needed portion has been pre-empted, including compensation for any damages resulting to the portion of the premises not taken, not only by reason of the taking of the property required, but also by reason of the use to which the property taken is put. (Condemnation Law, § 14; *South Buffalo R. Co.* v. *Kirkover,* 176 N. Y. 301; *Matter of City of New York [Consolidated Gas Co.],* 190 N. Y. 350; *County of Erie* v. *Fridenberg,* 221 N. Y. 389, 393; *Matter of Board of Water Supply of New York,* 277 N. Y. 452, 456; *Matter of City of New York [Whitlock Avenue],* 278 N. Y. 276, 282; *Town of Fallsburg* v. *Silverman,* 286 N. Y. 594; *Matter of City of New York [Rockaway Beach],* 288 N. Y. 75, 77.) Benefits resulting to the portion of a parcel not taken, by reason of the use to which the part taken is put, may be offset only against consequential damages. (Condemnation Law, § 14; *Matter of City of New York [Consolidated Gas Co.], supra,* 360; *Matter of City of New York [Exterior St.],* 285 N. Y. 455, 460.)