Russell G-. Hunt, J.
This claim is to recover compensation £ £ for the taking of certain trade fixtures and various installations and equipment located in premises ” leased by the claimant in the Town of Mamaroneck, Westchester County. The building in which the store was located was appropriated by the State for the purposes of the State Thruway System (Highway Law, art. 12-A). The notice of appropriation, map and description were filed in the Westchester County Clerk’s office on January 5, 1955, but, were not served on the claimant; personal property, as such, was not described in the taking. Pursuant to a notice to vacate, the claimant removed in April or May, 1955.
A written lease was not introduced in evidence by either party and there is no evidence of the terms and provisions of the letting. No claim is made for the value of any leasehold remaining after the taking and no claim is made for the taking of personal property, as such. The claim is that the State appropriated improvements or fixtures so attached by the claimant to the real estate as to become a part thereof.
The tenant is assumed to have had the right as against the landlord to remove fixtures at the end of the lease, and, accordingly, what the State took was the real estate as it then stood, including the fixtures attached thereto, and the taking extinguished the lessee’s title to the improvements. Assuming that the fixtures enhanced the value of what the State took, the State would be required to pay therefor and to that extent “the tenant is entitled to part of the award, not because the fixtures added to the value of the leasehold, but because they belonged to him and their value enters into the value of what the city has taken” (Matter of City of New York [Allen St.], 256 N. Y. 236, 249). The value which the State would be required to pay for what it took would be fair market value at the time of the taking (Matter of Board of Water Supply of City of *245 N. Y., 277 N. Y. 452; 4 Nichols, Eminent Domain [3d ed.], par. 12.2) and the tenant’s compensation would be limited to the extent to which the improvements enhanced that value. There was no evidence respecting the fair market value of what the State took. There was evidence concerning estimated reproduction cost of the fixtures alone less depreciation, but, this was simply one element of what constitutes fair market value and while it is for consideration (Matter of City of New York, 198 N. Y. 84), it is not sufficient or decisive. (Matter of Board of Water Supply of City of N. Y., supra.) Reproduction cost may not be substituted for fair market value (Knoxville v. Water Co., 212 U. S. 1; Iowa-Illinois Gas & Elec. Co. v. City of Fort Dodge, 248 Iowa 1201).
The claim is dismissed for failure of proof. The issue respecting the classification of the several items as fixtures or removable property has not been passed upon herein as not necessary to the decision.
This constitutes the decision herein pursuant to section 440 of the Civil Practice Act.
Let judgment be entered accordingly.