John J. Waush, J.
The petitioner has made a motion to confirm the report of the majority of the Commissioners of Appraisal in the above condemnation proceeding. The defendants, Sears Realty Co. Inc. and Marion A. Sears and Barbara J. Sears, copartners doing business as M. A. Sears Co., appeared by counsel. There were no other appearances on the return of this motion.
The power of the court to review an award of the Commissioners is strictly limited, and every intendment is in favor of the action of the commission. (Adirondack Power Light *400 Corp. v. Evans, 226 App. Div. 490, 493.) This court cannot modify the award of the majority, hut must either confirm or reject their report.
The courts may reject a determination of the Commissioners only for irregularity in the proceedings, or if based on an erroneous principle of law, or, if it shocks not only one’s sense of justice, but one’s conscience. (Matter of Huie [Fletcher], 2 N Y 2d 168, 171; Niagara Mohawk Power Corp. v. Gonciare, 13 A D 2d 897.)
With these principles in mind, this court does not see how it may reject the award of the majority of the Commissioners of Appraisal since there appears to be ample evidence to support it.
In the determination of what is just compensation, there is no single element of value which is controlling (Matter of Board of Water Supply of City of N. Y., 277 N. Y. 452).
In Matter of Huie (2 N Y 2d 168, 171, supra) the Court of Appeals said: “ it is competent for the commissioners of appraisal to consider all factors indicative of the value of the property, such as its fair market value as of the date of appropriation (Matter of Board of Water Supply of City of N. Y., 277 N. Y. 452, 456-458), the reproduction cost of improvements less depreciation (Matter of City of New York [Blackwell’s Is. Bridge], 198 N. Y. 84), sales of similar property (Village of Lawrence v. Greenwood, 300 N. Y. 231, 235), location (Matter of Board of Water Supply of City of N. Y., supra, p. 458), income (id., see, also, Onondaga County Water Auth. v. New York Water Service Corp., 285 App. Div. 655, 662), highest suitable use (Sparkill Realty Corp. v. State of New York, 254 App. Div. 78, 82, affd. 279 N. Y. 656), and consequential damages to property not taken but affected by the condemnor’s use (South Buffalo Ry. Co. v. Kirkover, 176 N. Y. 301). ‘ Omission of an attempt to enumerate all is of no consequence here. It would be a difficult and unsatisfactory venture. No single element standing alone is decisive ’ (Matter of Board of Water Supply of City of N. Y., supra, p. 458).”
The majority report of Commissioners Howard D. Seld and Stephen J. Pawlinga awarded the sum of $43,000 to defendants — $32,250 to Sears Realty Co., Inc., as owner of the fee and $10,750 to M. A. Sears Co. as tenant thereof.
The minority report of Commissioner Angelo N. Felice would award the sum of $68,200 to defendants — $54,560 to Sears Realty Co., Inc., as owner of the fee and $13,640 to M. A. Sears Co. as tenant thereof.
The defendants object to both reports on the ground that neither takes into consideration the capitalization factor which *401 they contend is a proper element of value. This claim is rejected by the court on the authority of the Huie case (supra).
The defendant further contends that the award is defective in form in that it does not set forth the basis of the award and specifically that the Commissioners did not clearly and succinctly either consider capitalization or reject it in the report.
The majority report is to the effect that:
‘‘ In fixing the amount of compensation, no allowance or deduction was made by us on account of any right or supposed benefits which the owner may derive from the public use for which the property is to be taken, or from the construction of any proposed improvement connected with such public purpose.
‘1 In arriving at our determination, we had the benefit of various exhibits, proof of alleged comparable sales, proof of reproduction cost less depreciation, proof of lease-hold values, and the opinions of duly qualified real estate experts, to all of which evidence we gave proper consideration. ’ ’
The minority report employs similar language: “A court does not interpose its idea of value as against that of the commissioners when the proof in the record can sustain the amounts found by the commissioners” (Matter of Municipal Housing Auth. [Rosenblum], 271 App. Div. 184, 191).
After carefully considering the transcript of the testimony of some 984 pages and the helpful and extensive briefs of the parties and being satisfied therefrom that there are no errors therein, the plaintiffs motion for an order confirming the report of the majority of the Commissioners of Appraisal in this proceeding is granted.