Charles Lambíase, J.
This is a motion by petitioners to confirm the report of the Commissioners of Appraisal herein appointed to ascertain the compensation to be made to the several defendants above named for the property to be taken by petitioners for the public uses specified in the petition in this proceeding, which said report was filed in the office of the Clerk of the County of Monroe, New York on the 26th day of May, 1961 and for a final order and for such other and further relief as may be proper.
Defendant, Sherlo Realty, Inc., hereinafter referred to as “ Sherlo ”, takes exception to the report of said Commissioners of Appraisal on the following grounds :
“1. On the ground of irregularities on the hearings and errors of law, and on the ground that the Commissioners of Appraisal based the amount of the award on its valuation of the land appropriated as a single parcel without due regard to the effect of such taking upon the remaining property owned by the defendant and situated on the south side of Broad Street between Fitzhugh Street South and the Innerloop and which had been in successive and single ownership for over a hundred years.
‘ ‘ 2. That the award is inadequate in that said Commissioners of Appraisal failed to apply the principles of law relating to valuation of all defendants’ property before the taking and valuing the remainder of its property after the appropriation; in other words, the Commission failed to use or apply the before and after value as required by law in partial taking cases.
“ 3. That the award is inadequate in that the Commissioners of Appraisal limited the valuation of the land taken to the actual use it had been made at and prior to the time of the appropriation rather than valuing the potential and highest and best use of said property for all available purposes including its potential use not only by the owner but by a buyer of the entire block including the fee to the alley which belonged to Sherlo Realty, Inc.
“ 4. That the Commissioners of Appraisal erred in failing to find as required by the evidence that the highest and best use of defendants entire property and its potential is the conjunctive use of the entire parcel as a unit of property.
*581 “ 5. That the report fails to state the date of valuation of the subject property.” and prays:
“ 1. That the reports of the Commissioners be set aside,
‘ ‘ 2. That the petition be dismissed; or,
“3. In the alternative that new Commissioners be appointed to hear and determine the compensation which ought justly be made to these defendants;
“ 4. And for such other and further order and relief in the premises as to the Court shall seem just and equitable, together with the costs of these proceedings.” (Exceptions to Report).
The proceeding was brought by the City of Rochester and the County of Monroe to condemn certain land for joint municipal use in connection with the construction of a Civic Center in the City of Rochester, New York. It is brought pursuant to chapter 598 of the Laws of 1947, became a law April 3, 1947 (as amd. by L. 1955, ch. 222; L. 1957, ch. 710; L. 1958, ch. 389; Resolution No. 286 of 1957 of Bd. of Supervisors of County of Monroe; and Ordinance No. 57-417 of the Council of City of Rochester, New York). It was commenced by notice and petition, dated December 17, 1957.
The defendant, Sherla Realty, Inc., appeared and judgment by the Honorable Gr. Robert Wither, dated January 10, 1958 was filed the same day ordering and adjudging: that the public use required the condemnation of the real property described in the petition and in the judgment, and that upon taking of the oath of office by the Commissioners of Appraisal and the filing of the same in the Monroe County Clerk’s office, title to the land described in the petition and the judgment be vested in the County of Monroe and the City of Rochester. The Commissioners of Appraisal therein named, viz., Robert H. Antell, John W. Norton and James R. Hall, each subscribed the oath of office, which oaths were duly filed in the Monroe County Clerk’s office on January 13, 1958.
The property described in the petition and specified by said judgment to be taken for public use is specifically described by metes and bounds as follows, and is therein designated “ Parcel No. 1”:
‘ ‘ All that certain piece or parcel of land situated in the City of Rochester, County of Monroe and State of New York, more particularly bounded and described as follows:
“ Commencing at a reference point on the northerly side of Spring Street, which point is 166.95 feet distant westerly from the intersection of the northerly side of Spring Street with the westerly side of Fitzhugh Street, which reference point is at *582 the intersection of the northerly side of Spring Street with the westerly side of School Alley; thence N-17°-24,-14,,W along the westerly side of School Alley a distance of 115.50 feet to the point of beginning, which point of beginning is at the corner of the premises herein described thence S-72°-41-06"'W a distance of 43.72 feet to the corner of the premises herein described; thence S-17°-26-01"E a distance of 25.00 feet to the corner of the premises herein described; thence S-72°-41,-06,/W a distance of 61.50 feet to the corner of the premises herein described; thence N-17°-24-34"W a distance of 167.38 feet to the corner of the premises herein described; which corner is on the southerly side of Broad Street; thence N-84°-22-06"E along the southerly side of Broad Street a distance of 107.47 feet to the corner of the premises herein described; which corner is the intersection of the southerly side of Broad Street with the easterly side of School Alley; thence S-17°-24/-14//E along the westerly side of School Alley a distance of 120.61 feet to the point and place of beginning, containing 15,377 square feet of land more or less together with all the easements thereto or thereunder and all improvements thereon, which said parcel is described on the tax assessment maps of the City of Rochester as Parcel 2.1, Block 4.”
The foregoing property was duly taken by virtue of the legislative enactments hereinbefore set forth (L. 1947, ch. .598, became law April 3, 1947 as amd. by ch. 222 of L. 1955, ch. 710 of L. 1957 and ch. 389 of L. 1958), wherein it is provided: “ Section 1. Authorization. The county of Monroe and the city of Rochester may, jointly, acquire real property by purchase or condemnation and construct thereon a suitable building or buildings to provide space and accommodations for the performance of their respective governmental functions and to equip, operate, maintain and supervise the same for the joint use and benefit of said municipal corporations.” (L. 1947, ch. 598.)
Said act further provides: “Section 5-c. Construction of facilities by city or county. 1. Notwithstanding the foregoing provisions of this act, the county of Monroe or the city of Rochester may, as a part of the civic center contemplated by this act, individually construct any building required for the purposes of such county or city, as the case may be, or make any improvement incidental to such civic center, including construction of parking facilities, general landscaping, and reconstruction and relocation of existing streets and public utilities. The county or city, as the case may be, may finance all or any part of the cost of any such project or purpose pursuant to the local finance law.” (L. 1958, ch. 389.)
*583 Defendant, Sherlo Realty, Inc., also owned at the time of the appropriation another parcel of land referred to herein as Parcel “A ”, and the eight-story building thereon known as the “Terminal Building”. Parcel “A” is located on the east side of School Alley, fronts 77 feet on the east side of School Alley, is 153.74 feet on the south side of Broad Street and 48.86 feet on the west side of Fitzhugh Street South. Its south line of 151.95 feet is adjacent to another parking lot, not belonging to Sherlo, with which we are not concerned at this time.
On the parcel of land actually appropriated there is and there was at the time of the appropriation a small building of masonry used in conjunction with the use thereof being made at said time, viz., its use as a parking lot. At the time of the taking there was a two-year lease on said lot between the defendant Sherlo and a private operator, providing for a rental of $14,000 per year. Said lease had 18 months to run at the time of the appropriation.
These two parcels of real property owned by defendant Sherlo are located on both sides of what is designated on the maps in evidence as School Alley. Said School Alley is 15- feet in width and formerly ran south from the south side of Broad Street to Spring Street, both public thoroughfares in the City of Rochester, New York, and beyond. That School Alley has been used and maintained as a public street in the City of Rochester for many years is uncontradicted. It is to be noted that in connection with the development of the so-called Civic Center Project, School Alley no longer continues to Spring Street and beyond, but has been closed and blocked off at a point north of defendant Sherlo’s property.
After extensive hearings resulting in a voluminous record, the commissioners made and filed their report in which they found and determined that Parcel “ 1 ” and Parcel “A ”, the former being the parcel actually appropriated, were, as of the date of the appropriation, two separate and distinct parcels of land each owned by the defendant Sherlo separated by School Alley, which they found to be a public street, and with no unity of use of the parcels having been established. They found no consequential and severance damages to Parcel “ A ” and to the structure thereon known as the Terminal Building. They further found the highest and best economic use of the property actually appropriated to be its use as a parking station — the use which was being made thereof at the time of the appropriation — and they awarded direct damages in the sum of $210,000 for the property and the small stone structure thereon (Parcel 1) actually taken. They did not award any damages as and for *584 damage to Parcel “ A ” or to the building thereon for severance and consequential damages.
It is the position of petitioners that the parcel of land appropriated and described in the petition as Parcel “ 1 ” is a single wholly separate parcel of land which has been taken in its entirety. Defendant Sherlo maintains that Parcel “ 1 ”, the appropriated parcel, and the parcel on the east side of School Alley which for convenience we have designated as Parcel “ A ” and furthermore thus designated in deed to Sherlo, are actually one parcel of land with unity of ownership and of use. It contends that it has title to the bed of School Alley for its entire width and for the length thereof for which its parcels abut thereon subject only to the prescriptive right of the City of Rochester to use and maintain it as a public street or alley; that the taking of Parcel “ 1 ” constitutes not the taking in whole of a single parcel of land, but rather is a partial taking of a larger parcel the latter being constituted of Parcels “ 1 ” and “ A ” aforesaid, and that by virtue of the appropriation it is entitled not only to an award of damages for the land actually taken (Parcel “ 1 ”), but also to an award for consequential and severance damages to Parcel “ A ” and to the Terminal Building standing thereon. This is the fundamental objection raised by Sherlo on this motion for the confirmation of the appraisers’ report and it is set forth in Exception “ 1 ” and the other exceptions which are derivative thereof.
Exceptions numbered 1, 2, 3 and 4 are so integrated and derivatively connected that we may for our purposes, without doing violence to defendant Sherlo’s contentions therein stated, consider them together except for that part of exception number 1 reading as follows: ‘ ‘ On the ground of irregularities on the hearings and errors of law,” which we shall treat separately. Basically, error is ascribed to the commissioners in that they considered Parcel “ 1 ” actually appropriated and Parcel “ A ” to be two separate parcels, albeit under a common owner, without any unity or conjunctivity of use at the time of the appropriation thereby disallowing Sherlo’s contention that the two parcels are indeed one single parcel with conjunctivity of use; and in that they rejected its theory of a partial taking and refused to employ the rule of damages applicable in such cases of finding the before and after appropriation fair market value, resultant damages being the difference between such fair market values. It will profit us to discuss the applicable rules of law and of damages under both defendant Sherlo’s theory, and that of the petitioners reflected in the report of the appraisers. These rules of law are well established and, as is quite often the case, it is *585 the ascertainment of the facts and the application of the law to such facts that make for complexity.
The Constitution of the State of New York (art. I, § 7) prohibits the taking of private property for public use without just compensation. Just compensation has been measured in cases of this kind by the fair market value of the property taken as of the date of taking (Orgel, Valuation under the Law of Eminent Domain [2d ed.], § 16; Matter of Van Etten v. City of New York, 226 N. Y. 483, 489; Brooks-Scanlon Corp. v. United States, 265 U. S. 106, 123; Matter of Board of Water Supply of City of N. Y., 277 N. Y. 452, 456). Defendant, Sherlo Realty, Inc., is entitled to the fair market value of its land taken for its highest and best available use. (United States v. Miller, 317 U. S. 369; see, also, United States ex rel. Tenn. Val. Auth. v. Powelson, 319 U. S. 266; Olson v. United States, 292 U. S. 246; Matter of Board of Water Supply of City of N. Y., 277 N. Y. 452, supra; Matter of City of Rochester, 234 App. Div. 583; Dillenbeck v. State of New York, 193 Misc. 542, 546, affd. 275 App. Div. 871.) It is not limited in compensation to the condition which the property is in or to the use which it is making of it at the time of the appropriation, but is entitled to recover the fair market value of its property based on the most advantageous use to which it could be put. (Sparkill Realty Corp. v. State of New York, 254 App. Div. 78, affd. 279 N. Y. 656, same case 268 N. Y. 192; Matter of Daly v. Smith, 18 App. Div. 194; Matter of Simmons, 130 App. Div. 350, 352, affd. 195 N. Y. 573, affd. sub nom. McGovern v. New York, 229 U. S. 363; New York Cent. R. R. Co. v. Maloney, 234 N. Y. 208; United States v. Chandler-Dunbar Co., 229 U. S. 53; Fowler v. State of New York, 192 Misc. 15; Maure v. State of New York, 234 App. Div. 166, affd. 259 N. Y. 594; Matter of Bronx Parkway Comm., 191 App. Div. 212.)
Where part of a parcel of real estate is taken by condemnation for public use, the owner is entitled to be compensated for the value of the part taken measured by the difference between the fair market value of the entire property and that of the remainder after the needed portion has been pre-empted, including compensation for any damages resulting to the portion of the premises not taken, not only by reason of the taking of the property required, but also by reason of the use to which the property taken is put. (Condemnation Law, § 14; South Buffalo Ry. Co. v. Kirkover, 176 N. Y. 301; Matter of City of New York [Cons. Gas Co.], 190 N. Y. 350; County of Erie v. Fridenberg, 221 N. Y. 389, 393; Matter of Board of Water Supply of City of N. Y., 277 N. Y. 452, supra ; Matter of City *586 of New York [Whitlock Ave.], 278 N. Y. 276, 282; Town of Fallsburgh v. Silverman, 286 N. Y. 594; Matter of City of New York [Rockaway Beach], 288 N. Y. 75, 77.) Benefits resulting to the portion of a parcel not taken, by reason of the use to which the part taken is put, may be offset only against consequential damages. (Condemnation Law, § 14; Matter of City of New York [Cons. Gas Co.], supra, p. 360; Matter of City of New York [Exterior St.], 285 N. Y. 455, 460; Matter of City of New York [Public Beach], 266 App. Div. 677, 678, affd. 291 N. Y. 715.)
But the mere adaptability of the land to a proposed and previously untried use is an insufficient consideration as a guide in the judicial ascertainment of value. It is only when it is shown that it has a market value for some particular use that the availability and adaptability of the property to the use can be taken into account in determining its fair market value. The factor to be considered is whether purchasers can be procured for such purpose. Otherwise, such evidence is in excess of the rule of measure of damage properly applicable to a case like the present one, and the values sought to be established are purely speculative and hypothetical. (New York Cent. R. R. Co. v. Maloney, 234 N. Y. 208; People ex rel. Strong v. Hart, 216 N. Y. 513; Matter of Daly v. Smith, 18 App. Div. 194; Graham v. State of New York, 51 N. Y. S. 2d 437; Dillenbeck v. State of New York, 193 Misc. 542, 547, affd. 275 App. Div. 871.)
Care must be taken not to substitute for reality the mere hope of the owner that the property might be used for some specific purpose. (Matter of City of Rochester [Smith St. Bridge], 234 App. Div. 583.) It must be shown that there is reasonable expectation of some demand within a reasonable time for the use of the land for that purpose (Matter of Niagara, Lockport & Ontario Power Co., 133 Misc. 177, revd. on other grounds 231 App. Div. 402). Damages cannot be based upon a plan of improvement that is speculative and fanciful (Matter of City of New York [Inwood Hill Park], 197 App. Div. 431). A mere frustration of an unexecuted intention to improve property in some particular manner by condemnation of the property is not compensable (Matter of New York & Brooklyn Bridge, 18 App. Div. 8; Matter of County of Westchester, 204 Misc. 1031, affd. 285 App. Div. 1169). While it is impossible to avoid some element of speculation in determining value on the basis of prospective uses, speculation in the objectionable sense is evidence or testimony that is purely theoretical and resting upon mere physical possibility, as distinguished from physical possibility and probability of use in view of the circumstances. (Matter of *587 Bronx Parkway Comm., 192 App. Div. 412, affd. 230 N. Y. 607.) “ The owner is not entitled to swell the damages beyond the fair market value of the land at the time it is taken by any consideration of the chances or probability that sometime in the future it may be used for some purpose to which it is adapted unless it appears that the market value of the property is enhanced by the chances or probability. As was stated in Moulton v. Newburyport Water Co. (137 Mass. 163): ‘ If there were different customers who were ready to give more for the land on account of this chance, or if there were any other circumstances affecting the price which it would bring upon a fair sale in the market, these elements would necessarily be considered by the jury, or by a witness, in forming an opinion of the market value. ’ ” (Matter of Simmons, 130 App. Div. 350, 352-353, affd. 195 N. Y. 573.)
It appears that since the year 1885 there has been unity of ownership of so-called Parcels “ A ” and “ B ”, the former being the land upon which the Terminal Building stands and the latter being the parcel actually appropriated and designated in the petition and in the order herein as Parcel “ 1 ”. We shall continue to refer to the appropriated parcel as Parcel “ 1 ”. The parcels were conveyed each time to succeeding owners by a single deed with a separate and independent description for each. When the parcels were conveyed to defendant Sherlo in 1956, the appropriated parcel was designated Parcel “ B ” and the other parcel was designated “A ”, the conveyance, however, conveying said Parcel “ B ” less the taking and appropriation by the State of Few York of that part thereof for the Rochester Inner Loop. Such was the situation with reference to the aforesaid parcels when the instant appropriation was made.
The earliest maps and plat books show School Alley separating Parcel “1”, actually appropriated, and Parcel “A”. The abstract of title in evidence shows that part of said School Alley south of Troup Street was conveyed to the City of Rochester, by deed recorded in 1858. It has not been made to appear that there are any other conveyances to the City of Rochester, Few York of any part of School Alley north of Troup Street or of Spring Street (now closed), and particularly of that part of said School Alley which lies between the two parcels owned by Sherlo. There is no record of any dedication of that part of the alley upon which the above parcels abut, a not unusual situation in the early days of growing communities springing from the surrounding wilderness. All descriptions set forth in the abstract of title of the so-called Parcel “ A ” run ‘ ‘ to the east line of School Alley”, thence “southerly along the *588 east line of School Alloy and all conveyances of Parcel “ B ” run “ to the west line of School Alley ” and thence “ southerly along the west line of School Alley
Parcel “1”, the appropriated parcel, for sometime prior to the appropriation had been and at the time thereof was being used as a parking lot. Parcel “A” has had thereon for the past 30 years an office building known as the Terminal Building. The parking station on Parcel “ 1 ” has been open to the public generally with no demonstrated parking preferential treatment or benefits afforded tenants of the Terminal Building. It has not been made to appear that, at any time and more particularly since the erection of the Terminal Building on Parcel “ A ” the latter has been used for any purpose directly in conjunction with the use made of Parcel “1”, the appropriated parcel; and that Parcel “A” with the Terminal Building on it was in any way reasonably or substantially necessary to the enjoyment of Parcel “ 1” separated from it by a public street or alley. Parcel “A” and Parcel “1” have always been carried on the books of the City of Rochester and of the County of Monroe as separate parcels for tax purposes and apparently without opposition from the owner thereof.
It is often difficult in matters of appropriation under eminent domain to determine what is a distinct or independent parcel when other parcels are also owned by the same owner. The character of the holding, and the distinction between the residue of a tract invaded and whose integrity is destroyed by the taking and what are merely other parcels or holdings of the same owner must be kept in mind in the practical application of the requirement to render just compensation for property taken for public use. How it is applied must largely depend upon the facts of the particular case and the sound discretion of the court. Ownership by the same owner of other lands in close proximity to the appropriated land standing by itself is without legal significance.
In our opinion Parcel “ A ” upon which the Terminal Building stands constituted at the time of the appropriation a separate and independent parcel with no unity or conjunctivity of use with the parcel appropriated, and it cannot properly be spoken of as the residue of a tract or land from which the piece appropriated was taken. (Sharp v. United States, 191 U. S. 341, 354—355; Baetjer v. United States, 143 F. 2d 391.) We find no basis for, and we agree with the commissioners that there is no foundation for, the factor of conjunctive use. We conclude such factor is not a proper element of damage here.
*589 It is Sherlo’s position that it owns the title to the bed of School Alley lying between the two parcels owned by it. Concededly, the bed of School Alley has been subject at all times herein to a perpetual easement for public street purposes. While title to that part of the bed of School Alley abutting Sherlo’s property at the time of the appropriation may have substantial value when said title is used with the ownership of the two parcels herein, no part of said bed of said alley has been taken specifically by the instant appropriation. School Alley remains a public street open for use as such after the appropriation as it was before the appropriation for that part thereof on which Sherlo’s property abuts. There has not resulted and there will not result from the taking any permanent obstruction or interference with the easements of light, air, and access to Parcel “A” and to the Terminal Building. Under such circumstances and since we have found no conjunctive use of Parcels “ 1 ” and “ A ”, we do not deem it necessary to the determination of the issues before us to resolve the question of title to the bed of School Alley and more particularly to that part thereof upon which abuts defendant Sherlo’s property. We leave that question, therefore, to be resolved when, if and as the necessity therefor may be demonstrated.
Defendant Sherlo "contends that even if it could not establish title to the bed of the alley and could not secure the release of the easements for street purposes, it would be possible for it to join by overhead bridge connection or construction the Terminal Building with a building which it might build in the reasonably forseeable future on Parcel “ 1 ”, the appropriated parcel, which type of construction would not interfere with the use of the alley for public street uses. It is undoubtedly true that the City of Rochester has the power to legislate or to give permission allowing the connection of two buildings over a public street by overhead bridge construction. The idea, we think, was advanced by Sherlo upon the hypothesis that an office building could be built on the appropriated parcel to be connected by an overhead bridge with the Terminal Building and was advanced apparently on the premise that it would be an extension of the business being conducted on Parcel “ A ”, viz., that of an office building, which was producing income. This proposal presupposes that since the Terminal Building was and is producing income as an office building, it is reasonable to expect that the highest and best use of the appropriated parcel would be for an extension of that business. Such a proposal or conclusion overlooks the fact that such claimed potential use is based upon a conclusion conjectured from data founded only *590 in speculation constituting a theory of reasonable market value which has not been countenanced by the courts of our State as a basis for the judicial process of establishing fair and reasonable market value. (Levitin v. State of New York, 12 A D 2d 6; see Sparkill Realty Corp. v. State of New York, 268 N. Y. 192, supra; Berzal & Co. v. State of New York, 8 A D 2d 886.) Testimony given regarding the further development of the Terminal Building itself, particularly the establishing of a restaurant in the basement thereof, without the addition of a building on the appropriated parcel is also based on untenable grounds. We have concluded that the commissioners are correct in holding that the highest economic use of the property appropriated at the time of the taking was that to which it was being put at the time thereof, viz., its use as a parking lot.
It is claimed by Sherlo that the commissioners did not consider that under the appropriation a building could be built upon the appropriated premises by the appropriating authorities. In our opinion the city-county, while not compelled to do so and while not necessarily going to do so, may make such a use of the appropriated premises on the basis of what they have a right to do under the provisions of the authorizing legislation. (Spinner v. State of New York, 4 A D 2d 987, 988; Dillenbeck v. State of New York, 193 Misc. 542, affd. 275 App. Div. 871, supra; Robinson v. State of New York, 3 A D 2d 326.) We cite the Spinner case for the principle of law involved, but we distinguish it from the instant case on the facts. Upon the posture of this case and until something be done to interfere with the bed of the alley, it does not seem to us that there will result interference with access to, and light and air for, Parcel “ A ” and, in fact, any damage to the latter consequent upon the taking herein. While the commissioners have taken the position that it does not necessarily follow that there will be built on Parcel “ 1 ” a building of some kind sometime in the future, and while we have concluded that there is authority for using the appropriated premises for building purposes, nevertheless we do not think that under the circumstances our conclusion has any appreciable or substantial effect upon the ultimate question of the award made herein by the commissioners.
As is quite common in cases of this kind there is wide divergence in expert testimony as to reasonable market value. The two experts produced by Sherlo testified to damages of $450,000 and $440,000, respectively, and the three experts brought in by petitioners testified to damages of $127,000, $117,000 and $110,000 respectively. The award is far less than the testimony given by the experts for the property owner and considerably *591 more than testified to by petitioners ’ witnesses. In making their award the commissioners were not restricted to any species of evidence but were entitled to act upon their own judgment and on any information which they acquired from their inspection of the property as well as on the evidence produced on the hearing. (Matter of City of Rochester [Smith St. Bridge], 234 App. Div. 583, 585, supra.) There is ample evidence for the final determination made by the commissioners who participated actively in questioning the experts through which questioning, and by the zealous efforts on behalf of all counsel for the respective parties, there was brought out on examination and cross-examination everything even remotely connected with the fair market value of the property.
Errors in the reception and in the exclusion of evidence have been made when considered from the standpoint of the technical rules of evidence, but in our opinion such errors are harmless and may be disregarded for, in the main, the commission in making its award and in fixing the damages of the defendant Sherlo did so in accordance with proper standards. “ An award will not be set aside for technical errors in the admission or exclusion of evidence, but will be permitted to stand, unless it appears that the commission adopted an erroneous principle in fixing the damages awarded to the owner, or unless the error so affected the result as to bring about an injustice to the complaining party. [Citing cases] ”. (Matter of City of Rochester [Smith St. Bridge], 234 App. Div. 583, 587, supra.)
Objection has been raised also that the report of the commissioners fails to state the date of valuation of the property; and defendant Sherlo submits that interest on the amount awarded should be allowed from January 10, 1958, the date of the judgment granted by Justice Wither to which reference has been made hereinbefore.
Under the proceedings as taken herein, upon the filing of the oaths of the Commissioners of Appraisal on January 13, 1958, title to the parcel appropriated vested in the County of Monroe, New York and the City of Rochester, New York, and said county and city became entitled to enter into possession thereof. (Authorizing act [L. 1947, ch. 598], § 4; Order of Justice Wither, dated January 10, 1958.) There is a complete failure of proof that the appropriating authorities entered into possession of the appropriated parcel prior to January 13, 1958. Upon the record, therefore, January 13, 1958 is established as the date of taking and of valuation as matter of law.
‘ ‘ Where title has passed to the State or other public body, and the value of the property is later to be determined as *592 of that date, interest until the adjudication of the award is held to be payable as part of just compensation to the owner for the appropriation of his property [citing cases]. Upon the other hand, a condemnee is not allowed interest during periods while he has had an equivalent use of the property [citing cases].” (La Porte v. State of New York, 6 N Y 2d 1, 6.) No one contends in this proceeding that defendant Sherlo is not entitled to interest. In fact, while the report of the appraisers does not specifically award interest, if we understand the situation correctly, there is agreement among all parties involved that interest must be allowed upon the amount awarded therein. We believe that the report itself also contemplates that interest is to be allowed on the amount awarded. Thus in awarding interest we are not, in fact, increasing the amount of the award. To send the report back for the purpose of having the commissioners award interest and for the purpose of having the commissioners insert the date of valuation would be sacrificing substance for form in our opinion. Under the circumstances herein we think that what was said in Municipal Housing Auth. for City of Yonkers v. Adels, (116 N. Y. S. 2d 707, 709), is applicable herein: “ The failure of the report of the commissioners to set forth the detail by which they arrived at the value of the property, and the failure to set forth the date of valuation and to specifically award interest on the award from date of taking are also deemed not fatal to the confirmation of this award. There is no requirement by statute that the report shall contain such information. In'this particular case, the question before the commissioners was a simple one, namely, the value of a single piece of property on November 26, 1951, and there is no showing and no reason to infer that there was any confusion on their part or that they acted on an erroneous theory. As was said in Matter of Grade Crossing Commissioners of City of Buffalo (Proceeding No. 89), 148 App. Div. 412, 415,132 N. Y. S. 960, 962. ‘ It is elementary that a report of commissioners in condemnation proceedings must be confirmed, unless there is shown to have been misconduct or palpable mistake on the part of the commissioners which resulted in harm to a party interested in the proceeding. Purely technical objections, not going to the merits, and omissions in no way harmful to a party, do not authorize the Special Term to refuse confirmation of the commissioners’ report. Matter of New York Central & Hudson River Railroad Company, 64 N. Y. 60.’ ”. In the light of our discussion we hold that the failures in the two noted aspects of the report are not fatal to the confirmation of the award.
*593 There remains only the question of the application of defendant Sherlo for an extra allowance. When this proceeding was commenced, defendant Sherlo appeared' by its attorneys and interposed an answer. The issue raised by the answer was set down for trial on January 10, 1958 at which time, through its attorneys, it consented to the taking of its property by petitioners, and that the question of value be determined by the Commissioners of Appraisal to be named. It does not appear that any offer to purchase was ever made pursuant to subdivision 1 of section 16 of the Condemnation Law. The proceedings, therefore, went forward for the purpose of determining the amount of damages that the defendant Sherlo had sustained, and there were many days of hearings as shown by the record and in the report.
In City of Yonkers v. Zedler (118 N. Y. S. 2d 70, 72) it is stated: “As a general proposition, the ‘just compensation’ provided for by the constitutions would seem to require fair indemnity to the landowner for his reasonable and necessary expenses in proving the value of his land in the proceeding for condemnation thereof. Matter of City of New York (Town of Hempstead), supra; Matter of City of Brooklyn, 148 N. Y. 107, 42 N. E. 413; Brainerd v. State of New York, 74 Misc. 100, 131 N. Y. S. 221. Where the proceedings are brought under the Condemnation Law, there is express provision for an additional allowance of costs to a respondent, not exceeding five per centum upon the amount awarded. Condemnation Law, Section 16. By means of such authorized additional allowance, the court is enabled, in proceedings under the Condemnation Law, to reimburse the respondent in the matter of his reasonable expenses so that he may receive ‘ just compensation ’.”
The awarding of such additional allowance lies in the discretion of the court (Condemnation Law, § 16, subd. 2, second sentence). “The court is not obliged to give an additional allowance, or if it make an allowance, need it be the full five per centum. In no instance can it exceed five per centum but it may be less or nothing at all in the discretion of the court which is to be exercised according to the circumstances. When it is given, however, the allowance is to be figured upon the award and not upon the award plus the interest.” (Matter of County of Westchester v. Baruch, 247 N. Y. 398, 401.)
Motion of the petitioners is in all respects granted.
Interest is allowed on the amount of the award from January 13,1958 at the rate of 4% per annum. Statutory compensation of the commissioners is allowed for the number of days requested in the report. No expenses have been incurred by the commis *594 sioners according to their report. Taxable costs and disbursements are allowed to defendant Sherlo, and in the exercise of our discretion an additional allowance is also granted under section 16 of the Condemnation Law in an amount which will be fixed at the settling and signing of the order hereon.