GEORGE'S BAKE SHOP, INC., Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 37116.)

Third Department, July 7, 1964.

*Ira I. Gluckstein* for appellant.

*Louis J. Lefkowitz, Attorney-General (Julius L. Sackman* and *Paxton Blair* of counsel), for respondent.

HERLIHY, J. This is an appeal by the claimant from an award of the Court of Claims on the ground that the amount was inadequate.

The claimant sought to recover damages for fixtures located in a store on premises appropriated. The only evidence of value, as testified to by claimant's appraiser, without objection, was in the amount of $15,076 arrived at by taking the reproduction cost new, less depreciation and the resulting sound value.

The State offered no evidence as to damages. During the course of the trial, the court observed: "We will give you money, but we will not give you those amounts. I think the depreciations are not sufficient. I have seen them." Subsequently the court found the sound value of the various fixtures amounted to $6,194.

The memorandum of the court stated that before deciding the case it awaited the decision of the Court of Appeals in *Marraro* v. *State of New York* (12 N Y 2d 285). The claim there was for fixtures, such as in the present case. In that case the Court of Claims dismissed the claim on the grounds " There was no evidence respecting the fair market value of what the State took " (15 Misc 2d 243, 245).

Upon appeal to this court, the judgment was reversed and damages awarded on the basis of the claimant's proof of " sound value ", arrived at by deducting depreciation from reproduction costs (15 A D 2d 707). Thereafter the Court of Appeals affirmed noting that the " unit rule "—land and the fixtures are to be valued as a unit and not by taking the aggregate value of the land and fixtures as separately evaluated — yields to exceptional circumstances, for instance, where the character of the property is such that market value is not the best test, separate evaluation may be resorted to.

While the measure of damages used by the claimant was proper, the trial court was not bound, as appellant urges, to accept the expert's opinion evidence, even though it stood uncontradicted; on the other hand the court could not, in reason, adopt a valuation approximately 40% of the only figure proven without some demonstrable and objective basis for its finding. In this case, no such basis appears in the fact that the Trial Judge viewed the very numerous trade fixtures of this bakery business (subsequently finding the " sound value " of each);

nor does any such basis appear elsewhere in the record. Consequently a new trial should be had.

The judgment should be reversed on the law and the facts and a new trial granted.

GIBSON, P. J., REYNOLDS, TAYLOR and AULISI, JJ., concur.

Judgment reversed, on the law and the facts, and a new trial ordered, with costs to abide the event.