JEAN H. WRIGHT, Respondent, v. STATE OF NEW YORK, Appellant. WILLIAMS STEEL WHEEL & RIM CORP., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 53803.) — Judgment unanimously modified, on the law and facts, in accordance with memorandum, and, as modified, affirmed, without costs. Memorandum: On December 30, 1969 the State filed an appropriation map by which it acquired claimants' property in the City of Utica. The property contained 60,471 square feet of land upon which two buildings were erected for the purpose of manufacturing bicycle rims. The larger of the two buildings was used to construct and also to ship the rims. The other building was a plating facility which contained an automated plating machine. Attached to this machine were plating racks, filters, cobalt and nickel anodes used to electroplate the rims, anode-baskets, storage tanks and 13 solutions used in the plating process. These items, by annexation, adaptation and intention, became a part of the realty and, consequently, they were fixtures and the claimants were properly compensated for their appropriation by the State (*Rose v. State of New York*, 24 N Y 2d 80, 86; *Matter of City of New York [Ruppert Brewery]*, 67 Misc 2d 863). Two of the solutions contained nickel which at the time of the appropriation was selling at an inflated price due to a nickel strike. Claimants were not entitled to a windfall profit (*Matter of Board of Water Supply of City of New York*, 277 N. Y. 452) and, therefore,

it was within the trial court's discretion to award the lowest value presented to the court. This was the value contained in the State's appraisal (*Matter of City of New York [A. & W. Realty Corp.]*, 1 N Y 2d 428; *Clearwater v. State of New York*, 28 A D 2d 936). The anodes, which weighed 10,000 pounds, contained 50% nickel and 50% cobalt and were subject to the inflated nickel market. Claimants were awarded $5 per pound for them although the record shows that they only paid $5.50 per pound for the nickel and $2.50 per pound for the cobalt. Under the circumstances, we find that $4 per pound was the fair market value of these solutions. Claimants should not receive a windfall (*Matter of Board of Water Supply of City of New York*, 277 N. Y. 452, *supra*). Pursuant to a contract dated February 13, 1970 and a stipulation entered into during the trial of the action, the State was compensated for the salvage value of certain items contained in the plating facility. However, the items which the State considered personalty and which were properly found to be fixtures were not considered in the State's compensation for salvage value and, therefore, salvage value for these items should have been deducted from the claimants' award (*Rose v. State of New York*, 24 N Y 2d 80, 88, *supra*; *City of Buffalo v. Clement Co.*, 28 N Y 2d 241, 259). Since the only evidence of salvage value was contained in claimants' appraisal, the values therein are properly accepted as the salvage value. These values include: anode baskets, $1,000; filters, $500; plating racks, $3,900; miscellaneous storage tanks, $200; anodes, $40,000 and solutions, $18,300. We have already reduced the award on the anodes from $50,000 to $40,000, a 20% reduction, and the salvage value which was given by claimants' appraiser should be reduced proportionately to $32,000. The value attributed by the claimants' appraiser to the two nickel solutions was $73,200. The trial court reduced this figure by 45% to $40,260. Therefore, the $18,300 salvage value found by claimants' appraiser should also be reduced by 45% to $10,065. The claimants' award should, therefore, be reduced by $57,665; $10,000 because of the inflated value given to the anodes and $47,665 for the salvage value of the fixtures in the plating room (*Rose v. State of New York*, 24 N Y 2d 80, 88, *supra*). (Appeal from judgment of Court of Claims in claim for damages for permanent appropriation.) Present — Moule, J. P., Cardamone, Mahoney and Goldman, JJ.