THE PEOPLE OF THE STATE OF NEW YORK ex rel. FOUR PARK AVENUE CORPORATION, Appellant-Respondent, against JOSEPH LILLY et al., Constituting the Tax Commission of the City of New York, Respondents-Appellants.

First Department, November 26, 1943.

*Harry H. Chambers* of counsel (*Harry B. Chambers* with him on the brief; *Chambers & Chambers*, attorneys), for appellant-respondent.

*Oscar L. Tucker* of counsel (*Arthur H. Goldberg* with him on the brief; *Ignatius M. Wilkinson, Corporation Counsel*), for respondents-appellants.

*Per Curiam.* Special Term, in fixing the fair value for tax purposes of the assessed property (a hotel), while it made a substantial reduction, failed, in our opinion, to give sufficient weight to the evidence produced, particularly that evidence concerning a sale of said property consummated at about the taxable status date. This sale was made by an insurance company which had become owner of the property after foreclosure of a mortgage held by it. The property was bought by a corporation operating a prominent hotel chain. The sale was closed after negotiations at arm's length. The property had been in the market for five years, and no better offer had been received. The price was $1,500,000, of which $1,350,000 represented the agreed price of the realty, and $150,000 that of the personalty. The terms of credit were unusually liberal — only $150,000 being paid in cash, and the balance subject to a ten-year mortgage at two and one half per cent per annum. No amortization was required for the first three years.

There was evidence that the income of the hotel had declined sharply over a number of years, both under owner-management and under professional management hired by the insurance company.

There was evidence of sales of other properties in the neighborhood which, when analyzed, were in accord with the land value shown by the present sale. As against this the city offered only opinion evidence of value resting on theoretical factors having no support in actual experience. Special Term fixed a value of $1,950,000, which was $600,000 higher than the sale price of the realty.

In determining that the *bona fide* sale was entitled to greater consideration, we do not disagree with the statement by Special Term that a single sale " would not necessarily establish the true market value." Such a sale, of course, would not be conclusive in fixing a reasonable tax value, at least where it occurred under abnormal market conditions. Under such circumstances the sale would indicate merely temporary fluctuation in value. However, where market conditions have persisted for a number of years without abatement, so that they may no longer be said to be temporary, we deem that a sale reflecting such continuing conditions is entitled to great weight in determining value. A period of depression, no longer a temporary condition, does not indicate merely fluctuating values, but rather a change in

economic level. (*Los Angeles Gas Corp.* v. *R. R. Comm.*, 289 U. S. 287, 312.)

Making due allowance for all the elements involved, including the tendency of substantial reduction in assessment to increase market value, we are of the opinion that modification by further reduction of the assessed valuation to $1,750,000, of which $800,000 represents the value of the land, and $950,000 the value of the improvements, is required herein.

The order should be modified in accordance with the foregoing *Per Curiam*, and as so modified affirmed, with twenty dollars costs and disbursements to the relator.

Untermyer, Dore, Cohn and Callahan, JJ., concur; Martin, P. J., taking no part.

Order unanimously modified in accordance with opinion, and as so modified affirmed, with twenty dollars costs and disbursements to the relator. Settle order on notice.