THE PEOPLE OF THE STATE OF NEW YORK EX REL. EMIGRANT INDUSTRIAL SAVINGS BANK, Appellant, against WILLIAM S. MILLER et al., as Commissioners of Taxes and Assessments of the City of New York, Respondents.

First Department, May 18, 1945.

*William H. King* of counsel (*Herbert Whyman* with him on the brief; *King, Frank & Whyman,* attorneys), for relator-appellant.

*Richard L. Baltimore, Jr.,* of counsel (*Arthur H. Goldberg* and *Oscar L. Tucker* with him on the brief; *Ignatius M. Wilkinson, Corporation Counsel*), for respondents.

CALLAHAN, J. The record in this case is far more complete than was the one in the earlier case relating to the same property for the years 1933 to 1936, inclusive. (*People ex rel. Emigrant Industrial Sav. Bank* v. *Sexton,* 267 App. Div. 812.)

A great many relevant sales are disclosed herein which were not contained in the former record. The present record shows that there was a fairly active market in real property located in the vicinity of the taxed property during the years involved. Approximately thirty comparable plots of real estate were sold during those years, and in one or more instances the same properties were resold.

The property involved is a so-called " legitimate " theatre in the midtown or theatrical district of the borough of Manhattan. During the years involved here, nineteen of such theatre properties were sold, which was almost 50% of all of the legitimate theatres in the borough. In addition, the instant property itself was sold shortly after the last taxable status date. Such a record gives us comprehensive proof of market value of property in the neighborhood, as well as of theatres generally, that was not disclosed in the earlier record, and establishes that the assessed valuations, even as reduced by Special Term, were higher than the fair market value of the property. Each case should be determined on the merit of the evidence adduced in the record under consideration. (*People ex rel. Horwitz* v. *Miller,* 267 App. Div. 897.)

In *People ex rel. Parklin Operating Corp.* v. *Miller* (287 N. Y. 126, 129) the Court of Appeals said: " * * * Sales of similar property, improved or unimproved, in the same neighborhood, can do no more than furnish the data upon which the tax assessors or the court can estimate the price the property would bring in ordinary circumstances. Such evidence is persuasive where the property previously sold and the property presently to be valued by the assessors are in all respects similar and the conditions which might reasonably affect the price which a ready buyer would be willing to pay for such property remain unchanged. * * * ."

In *People ex rel. MacCracken* v. *Miller* (291 N. Y. 55, 63) the Court of Appeals said: " * * * A very considerable number of sales of similar property made within a few months at comparable prices are evidence that willing sellers found buyers ready to pay a price based upon the probability of future profit from the investment, but found few if any ready buyers who would pay a higher price to obtain the property for immediate use. * * * ."

In *People ex rel. Four Park Avenue Corp.* v. *Lilly* (267 App. Div. 102, 103) this court said: '' However, where market conditions have persisted for a number of years without abatement, so that they may no longer be said to be temporary, we deem that a sale reflecting such continuing conditions is entitled to great weight in determining value. * * *.''

Giving due consideration to the proof of established market value herein, we direct that the land and total values, as fixed by Special Term, be further reduced as follows:

|  | Land | Total |
|---|---|---|
| 1937 | $440,000 | $515,000 |
| 1938–39 | 420,000 | 492,000 |
| 1939–40 | 410,000 | 479,000 |
| 1940–41 | 400,000 | 466,000 |
| 1941–42 | 390,000 | 454,000 |
| 1942–43 | 375,000 | 437,000 |
| 1943–44 | 375,000 | 435,000 |

As so modified, the order so far as appealed from should be affirmed, with $20 costs and disbursements to the relator-appellant.

UNTERMYER, DORE and COHN, JJ., concur; MARTIN, P. J., dissents and votes to affirm.

Order so far as appealed from, modified in accordance with opinion, and as so modified affirmed, with $20 costs and disbursements to the relator-appellant. Settle order on notice.