In the MATTER OF THE CITY OF NEW YORK, Relative to Acquiring Title to Real Property at East 9th Street and Avenue B, in the Borough of Manhattan.

Supreme Court, Special Term, New York County, May 13, 1948.

*John P. McGrath, Corporation Counsel* (*Harry E. O'Donnell, Alexander S. Aleinikoff* and *Abraham Rosenthal* of counsel), for the City of New York.

*Charles Lamb* and *William DeForest Manice* for Christodora House, Inc., claimant.

EDER, J. This is a condemnation proceeding instituted to acquire title to real property for municipal purposes. The court has made the statutory view and the awards are as follows: land, $62,147.37; building, $1,492,091; fixtures, $25,000; total, $1,579,238.37.

This building, known as the Christodora House, is situated at the northeast corner of East 9th Street and Avenue B, is used for a settlement house, and was considered by both the city and claimant as a specialty. Therefore, the court must, of necessity, give a value to the building according to the structural or sound value, based upon a consideration of the testimony of both the claimant and city building experts, and of all relevant facts.

Title vested in the city on November 6, 1947. The building was erected in 1928. The city takes the position that the court must fix the award for the building based upon the replacement cost as of 1941, and urges that upon this basis the sound value of the building should be $795,784 plus $19,520.17 representing the value of the filtration system and electrical work, or a total sound value in the sum of $815,304.17, after allowance for depreciation. Claimant's expert testified to a figure of $1,753,697, after allowance for depreciation, as the sound value of the building as of November 6, 1947, the date of vesting title. The court indicated it would consider prices prevailing on the date title vested in the city.

While adhering to its position that the award for the building must be fixed upon the construction cost as of 1941, less depreciation, the city, only for the purpose of rebuttal, submitted 1947 prices at a later hearing, and placed the sound value of the building at the sum of $1,129,071, after allowance for depreciation, as of November 6, 1947.

There was a divergence of opinion between the witnesses for claimant and the city with respect to building costs in 1928 and 1947. Claimant's evidence was to the effect that construction costs in 1928 and 1941, were about the same but that the construction costs in 1947, were more than 90% higher than in

1941. The city's evidence was to the effect that 1947 construction costs were 42% above the 1941 figure. The city expert was of the opinion that the uptrend in prices would continue for some time.

This building being a specialty, and, in a sense, unique, being constructed for a special type of use, in determining valuation it cannot be predicated on the same basis as a building constructed for general or usual dwelling or commercial use, for in the former instance there is a limited market and the customary testimony of market price is not available and so reproduction cost may be considered (*People ex rel. New York Dock Co.* v. *Cantor,* 208 App. Div. 52; *People ex rel. New York Stock Exchange Building Co.* v. *Cantor,* 221 App. Div. 193, affd. 248 N. Y. 533; *People ex rel. City of New York* v. *Barker,* 17 N. Y. S. 2d 305; *People ex rel. Hotel Astor* v. *Sexton,* 159 Misc. 280).

While those cases arose in certiorari proceedings to review assessments on real property, reference was made to the cost of reproduction as found on the date of the assessment (*People ex rel. New York Stock Exchange Building Co.* v. *Cantor,* 221 App. Div. 193, 197, *supra,* and also *People ex rel. City of New York* v. *Barker,* 17 N. Y. S. 2d 313, *supra*), and upon principle I see no reason for any differentiation in the case of a condemnation proceeding and therefore feel that the date of vesting title should govern.

The city argues that its expert used 1941 prices because of the great increase of cost of labor and materials during the past seven years and says that such increase undoubtedly created black market and unprecedented conditions and has resulted in an abnormal market and that values are to be determined as of a time when conditions are normal.

I do not think that abnormal conditions have been shown to exist on the date of vesting of title on November 6, 1947. Such conditions are generally due to an emergency or inflation. In November, 1947, the war was over in its true sense and no emergency existed. The rise in cost of labor and building materials was not shown to be due to any abnormal condition; the uprise in prices did not result as the effect of depression and boom but it has taken place in the normal course of events and conditions are normal which operate with a certain degree of frequency and regularity (*People ex rel. MacCracken* v. *Miller,* 291 N. Y. 55, 63; *People ex rel. Four Park Avenue Corp.* v. *Lilly,* 267 App. Div. 102, 103), which, I feel, is the case here.

After due reflection I have come to the view that the prices controlling for labor, material, *et seq.*, should be the 1947 prices, and after consideration of all the evidence the court has come to the conclusion that the values to be given should be as of the date that title vested in the city and the awards have been made on that basis.

Let the corporation counsel prepare a tentative decree accordingly.