Jasen, J.
 

 The State appropriated two pieces of claimants’ land in Delaware County, located on both sides of State Route 30 and bordered on the East Branch of the Delaware River.
 

 The property consisted of 0.267 acres and a wood-frame clubhouse, 52 feet long and 24 feet in depth, containing a meeting and dining room, together with a kitchen and sanitation facilities. The premises were used for meetings and social events sponsored by “ The Isaac Walton League,” an organization formed for “ educational and conservation ” purposes. The property was improved by the claimants for club use because of its unique location, as described in the record: “ The land consists of about 0.42 acres, having 138 feet of frontage along the north side of Route 30, and 75 feet of frontage on the south side and along the East Branch of the Delaware River. The river, as it courses past the property, is a clear, fast running stream, 80 to a hundred feet in width, and at this point, just above the confluence of the Bush Kill stream, forms a deep and excellent pool for both swimming and trout fishing.
 
 * * *
 
 The East Branch of the Delaware River is considered one of the best trout streams by the Conservation Department of the State of New
 
 *339
 
 York, and it’s also enjoyed many years of fame throughout the northeastern United States as being an excellent sports fishery. And, this property enjoyed frontage along one of the fine deep holes in this river. ’ ’
 

 The Court of Claims awarded $15,900 to the condemnees. The Appellate Division reduced the award to $12,000 holding that “ [i]n arriving at damages so greatly in excess of the State’s proof, the trial court necessarily relied to a great extent on the proof adduced from the claimants’ expert, which incorrectly added building reproduction costs to land value, without any suggestion that the property was either unique or a specialty.”
 

 It is the general rule that ‘ ‘ just compensation ” is to be determined by reference to the fair market value of the property at the date of taking
 
 (Matter of Board of Water Supply,
 
 277 N. Y. 452 [1938];
 
 County of Erie
 
 v.
 
 Fridenberg,
 
 221 N. Y. 389), and that the fair market value is the price for which the property would sell if there was a willing buyer who was under no compulsion to buy and a willing seller under no compulsion to sell
 
 (Matter of Board of Water Supply, supra).
 
 In the determination of the fair market value, the condemnee is entitled to have the appraisal based on the highest and best available use of the property irrespective of whether he is so using it
 
 (Matter of City of Rochester [Smith St.
 
 Bridge], 234 App. Div. 583 [4th Dept., 1932];
 
 Albany Country Club
 
 v.
 
 State of New York,
 
 37 Misc 2d 134 [Ct. of Claims, 1962], mod. 19 A D 2d
 
 199
 
 [3d Dept., 1963], affd. 13 N Y 2d 1085;
 
 Central School Dist. No. 1
 
 v.
 
 State of New York,
 
 46 Misc 2d 1072 [Ct. of Claims, 1965], affd. 28 A D 2d 1062 [3d Dept., 1967]). That is, considering the best use to which the property could reasonably be put, what is its fair market value ?
 

 However, in some cases the use of the fair market value approach becomes unworkable.
 
 (Diocese of Buffalo
 
 v.
 
 State of New York,
 
 43 Misc 2d 337, mod. 23 A D 2d 958, affd. 18 N Y 2d 41 [1966].) For such things as a church, school or clubhouse (generally referred to as specialty property) there is no readily recognizable market and testimony as to a fair market price is not usually available. While this property might be worth to the owners all that it cost, it would not be “ marketable ” in the accepted sense of the word because there is no similar group in the area which would offer to buy the clubhouse for its reproduc
 
 *340
 
 tion value.
 
 (Matter of Simmons,
 
 127 N. Y. S. 940, 941 [Sup. Ct., 1910]; see discussion in 4 Nichols, Eminent Domain [3d ed., 1962], § 12.32.)
 

 Since the character of the property is such as not to be susceptible to the rule of fair market value, an award based on the actual or intrinsic value would be proper, i.e., the current cost of reproduction less depreciation.
 
 (Albany Country Club
 
 v.
 
 State of New York, supra; Central School Dist. No. 1
 
 v.
 
 State of New York, supra; Matter of City of New York [East 9th St. & Ave.
 
 B.], 192 Misc. 280 [Sup. Ct., 1948];
 
 Matter of Simmons, supra;
 
 4 Nichols, Eminent Domain [3d ed., 1962], § 12.1.)
 

 The crux of the question presented on appeal is whether this property was a specialty.
 

 The condemnee’s expert based his valuation of damages solely on reproduction costs less depreciation because he was of the opinion that the highest and best use of the property was for
 
 “
 
 a club type recreation property.” The State’s expert testified that the highest and best available use of the premises was ‘1 for the purpose to which it was being put, as a recreational hall and property.” In determining the value of the property appropriated, he relied equally on the reproduction cost less depreciation and market data approaches.
 

 We hold that the testimony of both experts clearly indicates that the highest and best use of the property was for the purpose to which it was being used as a clubhouse and recreational area which we find in this case was a specialty.
 

 Accordingly, the order of the Appellate Division should be reversed and the judgment of the Court of Claims reinstated.
 

 Judges Burke, Scileppi and Breitel concur with Judge Jasen ; Chief Judge Fuld and Judges Bergan and Keating dissent and vote to affirm in the following memorandum: On the record before us, there is no basis for treating the claimants’ property as a specialty and, as the Appellate Division noted, there was no indication or suggestion by the Court of Claims that the property was
 
 “
 
 either unique or a specialty.” We would affirm on the very simple ground that the evidence supports the finding of value made by the Appellate Division rather than the finding made by the trial court.
 

 Order reversed, with costs, and judgment of the Court of Claims reinstated.