■ UNITED TRACTION COMPANY, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 46691.) — HERLIHY, P. J. Appeal by the State and cross appeal by the claimant from a judgment of the Court of Claims, entered March 31, 1969, awarding the sum of $1,340,471 with

interest to the claimant for damages resulting from an appropriation of its real property for highway purposes. The Attorney-General stipulated as to the land value and the court found said land value before the taking to be $225,672, and we so find. The principal issue in dispute concerns whether the property should be considered a specialty so that the rule of damages is governed by reproduction costs less depreciation. A specialty has been described as property "unique in character". (See *Keator* v. *State of New York*, 23 N Y 2d 337, 339, 340; *Tobin Packing Co.* v. *State of New York*, 26 A D 2d 986, 987.) At the time of the appropriation herein the claimant utilized the property appropriated as a bus transportation facility in conjunction with its business of providing bus transportation to the public in the City of Albany area. The buildings appropriated served the following functions: garage storage; office space; employee services space; general storage space; and space adapted to the repair and maintenance of the buses. The testimony of the claimant was to the effect that the United Traction Company property on Broadway was a "complex" integrated to the extent that its best use was for the purpose it was created and that it was a specialty and there were no comparables available. The appropriation necessarily resulted in the replacement of the building complex, there being no other facility or facilities appropriate to this business available. One of the witnesses for the State testified that it was a very close question as to whether or not the property was being used for a special purpose, and under the circumstances the court's factual finding that the property was a specialty should be sustained. It might be well to observe with reference to "specialties" that each action must depend upon its own factual situation. The remaining question raised by the cross appeal concerns whether or not the court was correct in finding "physical depreciation" and "functional depreciation and obsolescence". There is testimony in the record to the effect that the buildings were much greater in height than was necessary for their purpose and that their external facade was such as is not considered valuable today. It was also indicated that the facilities would not be reconstructed as separate buildings because the generally accepted building economics at the present time would require a unit construction. The actual expenditure by claimant to replace the lost facilities was about $1,800,000 and the cost to cure of the old buildings was the sum of $588,000 for physical depreciation. The difference between these two sums of monies ($1,212,000) tends to support the correctness of the value of the premises as found by the trial court. The evidence on behalf of the State as to functional depreciation and obsolescence supports the finding of the court. Judgment affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Herlihy, P. J.