■ AMSTERDAM URBAN RENEWAL AGENCY, Appellant, v. MASONIC ASSOCIATION OF AMSTERDAM, INC., Respondent.— Appeal from an order of the Supreme Court, Montgomery County, entered August 2, 1971, which confirmed a report of the Commissioners of Appraisal. Appellant condemned the property owned by respondent in the City of Amsterdam. It consisted of a four-story building constructed around 1900 and renovated around 1921. The ground floor had long been rented for commercial purposes while the remaining three floors were used for respondent's activities. The Commissioners awarded respondent $126,750 and Special Term confirmed their report. Respondent's expert testified that since the building's first floor was suitable for ordinary commercial enterprises while the upper three floors were unique, it was a 25% general commercial and a 75% special purpose building. He testified that he did not use the market value method in appraising the property because he could find no sale in the area of any property having a reasonable degree of comparability. He sought a sale in upstate New York of a Masonic Temple or a lodge whose three or four floor building had the upper floors used for club purposes. The expert contended that due to the specific purpose to which three fourths of the premises were devoted, the building was a specialty. To support a valuation of $190,000, he used the cost-less-depreciation approach and the income approach. In the use of the latter approach, he estimated a gross potential rental income of $12,925 from the ground floor of the premises while the actual rental income was $5,100.

He assigned a rental to the second, third and fourth floors of $1.30 a square foot, but gave no specific comparables to substantiate this figure. Appellant's expert appraised the building mainly using the market data approach. It was his opinion that the building was an ordinary commercial building and that nothing was unique or special about the portion of the premises used by respondent. After studying several comparable sales in the vicinity, he valued the premises at $95,000. One of the comparable sales was a Knights of Columbus building located on the same street as the condemned property. It was a two-story building with the first floor used for commercial purposes and the second floor for clubrooms. The Commissioners of Appraisal, although neither properly disclosing their method of valuation nor setting forth adequate and specific findings (see *County of Columbia* v. *Ostrander,* 33 A D 2d 973), obviously accepted in part the testimony of respondent's expert. The building involved, however, lacked the uniqueness necessary to be considerd a specialty and was clearly susceptible to the rule of fair market value (*Kingston Urban Renewal Agency* v. *Strand Props.,* 33 A D 2d 594; *City of Binghamton* v. *Rosefsky,* 29 A D 2d 820; cf. *Keator* v. *State of New York,* 23 N Y 2d 337). Furthermore, respondent's expert's testimony as to the capitalization-of-income approach cannot be relied upon since his adjustments were not made upon a factual basis and were too speculative (*City of Binghamton* v. *Rosefsky, supra*). Although Commissioners enjoy a wide latitude in arriving at their determination (*Matter of Huie* [*Fletcher-City of New York*], 2 N Y 2d 168; *City of Ithaca* v. *Ray,* 35 A D 2d 625), the award here cannot rest upon the testimony of an expert who failed to use the proper appraisal method (*Kingston Urban Renewal Agency* v. *Strand Props., supra*; *City of Binghamton* v. *Rosefsky, supra*). Order reversed, on the law and the facts, without costs, and proceeding remanded to Special Term for remittal to new commissioners of appraisal for a new appraisal and hearing. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.