■ In the Matter of VILLAGE OF NEWARK URBAN RENEWAL AGENCY, Appellant, v NEWARK GRANGE, No. 366, Respondent.—Order and judgment unanimously affirmed, with costs. Memorandum: Petitioner, Village of Newark Urban Renewal Agency, appeals from a judgment and order confirming the report of the commissioners of appraisal and granting an additional allowance in this condemnation action. The first floor of defendant's two-story brick building, with full basement, included two leased offices, a large tiled hallway leading to two open stairways, a meeting or dining hall and a large, fully-equipped kitchen. The second floor consisted of a large meeting hall with an elevated stage. Since its dedication in 1911, defendant has used the building for meetings, dances, dinners and ceremonies. It has also permitted other civic organizations to use the building at cost. It is clear that the structure was designed solely to be used as a clubhouse and not to generate a profit. Petitioner contends that the evidence fails to sustain the conclusion that defendant's property was a specialty and that therefore it should not have been valued by the summation approach. The criteria which must be established before a property may qualify as a specialty have been clearly set forth in *Matter of County of Nassau (Colony Beach Club of Lido)* (43 AD2d 45, 49, affd 39 NY2d 958; see, also, *Keator v State of New York,* 23 NY2d 337). The determination that an improvement satisfies the criteria rests "on its own factual situation" *(United Traction Co. v State of New York,* 33 AD2d 1063, 1064). Here the commissioners found that the improvement was specially designed, built and used by Newark Grange for its own purposes; that its unique structure could not readily be adapted to other uses; that there was no market for nor sale of comparable properties; and that the Grange planned to build another clubhouse as a replacement. These findings are adequately supported in the proof and justify the determination that defendant's property constitutes a specialty (see *Matter of Rochester Urban Renewal Agency [Patchen Post],* 55 AD2d 1029). Thus the cost approach to valuation was correct (see *Keator v State of New York,* 23 NY2d 337, 340). Petitioner's reliance upon *Amsterdam Urban Renewal Agency v Masonic Assn. of Amsterdam,* (39 AD2d 617) is misplaced. The record in that case discloses that the improvement was originally built for commercial purposes and thereafter remodeled to accommodate both commercial and clubhouse uses. The rental units here, however, were included as part of the original clubhouse design and the income they produced was used to offset the ordinary operating expenses of the building. Finally, the valuation of the subject property was within the range of the credible evidence; it was not grossly excessive and should not be disturbed *(Matter of Rochester Urban Renewal Agency [Patchen Post], supra;* see *Matter of City of New York* [A & W Realty Corp.], 1 NY2d 428; *Sparks v State of New York,* 48 AD2d 236, affd 39 NY2d 884). (Appeal from order and judgment of Wayne County Court—condemnation.) Present—Marsh, P. J., Cardamone, Dillon, Goldman and Witmer, JJ.