CLUB ST. AGNELLO ABATE OF AMSTERDAM, NEW YORK, INC., Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent (Claim No. 59739.)

Third Department, May 31, 1979

**APPEARANCES OF COUNSEL**

*Robert Abrams, Attorney-General (Dennis Hurley* and *Shirley Adelson Siegel* of counsel), for appellant-respondent.

*Vicinanzo & Wollman (Vincent E. Vicinanzo* of counsel), for respondent-appellant.

## OPINION OF THE COURT

SWEENEY, J.

Claimant's property was appropriated on September 8, 1975. The Court of Claims found that the structure on the property in question was "designed, constructed and specially used for and as a social club". There is ample support for this finding in the record. Based on the testimony of the claimant's appraiser and the State's appraiser, the court also found that the highest and best use of the subject property was its then current use as a religious-oriented social club. The court concluded, however, that there were other economic uses to which the structure could be converted without difficulty and held, therefore, that the property was not a specialty. Adopting the whole-to-whole approach for valuating the property, the court awarded the sum of $95,750.

The State appealed from the judgment on the ground that the court overvalued the property and failed to adequately explain its computations. Claimant cross-appealed claiming that the property should have been considered a specialty and valued at reproduction cost less depreciation.

We pass directly to claimant's cross appeal. In a recent case concerned with commercial property, specialty was defined as a structure which is not only uniquely adapted to the business conducted upon it or use made of it, but also one which would require the expenditure of substantial sums of money in order to be converted to other uses (*Matter of Great Atlantic & Pacific Tea Co. v Kiernan,* 42 NY2d 236, 240). In cases involving property owned and used by nonprofit agencies or organizations, the Court of Appeals in *Matter of Rochester Urban Renewal Agency (Patchen Post)* (45 NY2d 1, 8-9), decided subsequent to the instant case, enunciated a less rigid standard applicable in establishing a specialty, stating: "But when the property is of a kind seldom traded, it lacks a 'market price' and there must accordingly be recourse to some other method of evaluation (see, e.g., *Kimball Laundry Co. v United States,* 338 US 1, 6). Churches, hospitals, clubhouses and like structures held by nonprofit agencies as centers for community service commonly fall within this category [citations omitted]." The court therein opined that an owner of such property should not be forced to abandon its nonprofit community use and accept what it could obtain in the marketplace from a profit motivated purchaser (*Matter of Rochester Urban Renewal Agency [Patchen Post], supra,* p 9).

From our review of the record, we are of the opinion that the highest and best use of the subject property was as a social club as found by the court and agreed to by both parties, and it should have been valued as a specialty using reproduction cost less depreciation (see *Keator v State of New York,* 23 NY2d 337). Consequently, the judgment must be reversed and the matter remitted for a new trial on the issue of damages. Having so concluded, we need not now consider the remaining issues raised by the parties.

The judgment should be reversed, on the law and the facts, without costs, and a new trial, limited to the issue of damages, ordered.

MAHONEY, P. J., KANE, STALEY, JR., and HERLIHY, JJ., concur.

Judgment reversed, on the law and the facts, without costs, and a new trial, limited to the issue of damages, ordered.