■ CENTEREACH CAR CARE CENTER, LTD., Appellant, v STATE OF NEW YORK, Respondent. [705 NYS2d 634] —In a claim to recover damages for the taking of a temporary easement over a portion of the claimant's real property, the claimant appeals, on the ground of inadequacy, from a judgment of the Court of Claims (Silverman, J.), entered February 8, 1999, which, after a nonjury trial, is in its favor and against the defendant in the sum of only $5,617.

Ordered that the judgment is affirmed, with costs.

This claim arises from the taking by the defendant, State of New York (hereinafter the State), of a temporary easement on the claimant's property for grading purposes. The property consisted of an auto repair and service station and a gasoline station composed of two underground tanks and a pump island with three pumps. The property was not zoned for use as a gas station, but the claimant had a permit to operate it as a legal nonconforming use. In 1986 the Suffolk County Sanitary Code was amended to require conformity with new standards for underground tanks and to prohibit the continued use and maintenance of existing underground tanks beyond January 1, 1990. The claimant did not replace its tanks.

As part of a reconstruction of Route 25, the New York State Department of Transportation filed two maps in 1988. It planned to temporarily occupy a portion of the subject property in order to remove the gas tanks which did not conform to the Sanitary Code, and which encroached on State property. It also claimed a temporary easement of 966 square feet for grading purposes. The easement vested on December 5, 1991, and terminated on February 4, 1994.

The measure of damages in cases involving a partial taking is the difference between the value of the whole before the taking and the value of the remainder after the taking (see, Diocese of Buffalo v State of New York, 24 NY2d 320, 323; Matter of City of New York [Fourth Ave.], 255 NY 25, cert denied sub nom. Parlex Holding Corp. v City of New York, 283 US 860). The measure of damages must reflect the fair market value of the property in its highest and best use on the date of the taking (see, Matter of City of New York [Franklin Record Ctr.], 59 NY2d 57, 61; Matter of City of New York [Shorefront High School—Rudnick], 25 NY2d 146; Keator v State of New York, 23 NY2d 337).

The Supreme Court did not err in determining that the high-

est and best use of the property at the time of the temporary easement was only as an auto repair and service station and not as a gasoline station. Moreover, the Supreme Court, after viewing the property, agreed with the State's appraiser that it was not feasible to move the tanks and pumps so that they did not encroach upon State land. Contrary to the claimant's contentions, there is no indication in the record that the State would have removed tanks which complied with the Sanitary Code and did not encroach upon its land. Since the claimant was not authorized to use the tanks, and the tanks encroached upon State land, the claimant did not lose business as a result of State action, as it never possessed the property interest it claims was taken by the governmental action (*see, Soon Duck Kim v City of New York*, 90 NY2d 1, *cert denied* 522 US 809).

In light of our determination, the claimant's remaining contentions are academic. Krausman, J. P., H. Miller, Schmidt and Smith, JJ., concur.