MANHATTAN CHURCH OF CHRIST, INC., Appellant, v 40 EAST 80 APARTMENT CORPORATION, Respondent. [866 NYS2d 53]—

Judgment, Supreme Court, New York County (Herman Cahn, J.), entered August 20, 2007, awarding plaintiff an annual rental of $569,730 from April 1, 2002, rather than the $947,460 annual rental claimed by plaintiff, unanimously affirmed, without costs.

Plaintiff is the owner of a zoning lot with an area of 9,716.71 square feet. The zoning lot, which has a floor area ratio of 10, is divided into two parcels. On one of the parcels, plaintiff built a building with a floor area of 18,214.3 square feet. Plaintiff leased the other parcel to defendant's predecessor. The leased parcel, which has an area of 5,426 square feet, is referred to as the "demised premises." Section 21.1 of the lease states that after 32 years and 9 months, the basic rent will be "an amount per annum equal to 6% of the fair market value . . . of the land constituting the demised premises, considered as vacant, unimproved and unaffected by this lease."

"Fair market value" means "the price for which the property would sell if there was a willing buyer who was under no compulsion to buy and a willing seller under no compulsion to sell" (*Keator v State of New York*, 23 NY2d 337, 339 [1968]). Obviously, the price would be affected by what the buyer could build on the demised premises. The parties have stipulated that the floor area value of the land constituting the demised premises is either 54,260 square feet (10 times the square footage of the demised premises) or 78,955 square feet (the floor area for the entire zoning lot minus the square footage of plaintiff's building). The latter figure assumes that the buyer of the demised premises would definitely have the right to use the air rights for the entire zoning lot.

Property law supports defendant's position that the buyer of the demised premises would have air rights only to the demised premises, not to the entire zoning lot, unless the buyer also acquired plaintiff's air rights (*see Macmillan, Inc. v CF Lex Assoc.*, 56 NY2d 386, 392-393 [1982]). Therefore, the motion court correctly granted summary judgment to defendant and declared that the demised premises should be valued based on a floor area of 54,260 square feet.

The fact that plaintiff actually gave the lessee its air rights in section 9.3 of the lease does not help plaintiff, since section 21.1 (governing valuation of the demised premises) says that the land must be considered as "unaffected by this lease" (*see e.g. Ruth v S.Z.B. Corp.*, 2 Misc 2d 631, 636 [1956], *affd* 2 AD2d 970 [1956], *lv denied* 2 NY2d 710 [1957]). Plaintiff's reference to documents other than the lease is also unavailing. If the lease is unambiguous, as both parties apparently agreed below, one

should look only to its four corners to interpret it, without resort to extrinsic evidence (*see e.g. New York Overnight Partners v Gordon*, 217 AD2d 20, 28-29 [1995], *affd* 88 NY2d 716 [1996]). Concur—Tom, J.P., Gonzalez, Williams, Moskowitz and Freedman, JJ. [*See* 2007 NY Slip Op 32554(U).]