[Cite as *State ex rel. Countryside Investors, L.L.C. v. Carroll Cty. Bd. of Commrs.*, 2015-Ohio-4344.]

STATE OF OHIO, CARROLL COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO ex rel. COUNTRYSIDE INVESTORS, LLC, et al. | ) ) ) | CASE NO. 13 CA 885 |
| | ) | |
| PLAINTIFFS-APPELLANTS | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| BOARD OF COMMISSIONERS OF CARROLL COUNTY, OHIO, et al. | ) ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS:          Civil Appeal from the Court of Common
                                   Pleas of Carroll County, Ohio
                                   Case No. 2012 CVH 27300

JUDGMENT:                          Affirmed.

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

                                   Dated:  October 13, 2015

[Cite as *State ex rel. Countryside Investors, L.L.C. v. Carroll Cty. Bd. of Commrs.*, 2015-Ohio-4344.]
APPEARANCES:

For Plaintiffs-Appellants                            Atty. Daniel E. Clevenger
Countryside Investors, LLC and              Atty. Kristen Moore
Donald and Robin Warner:                  Day Ketterer Ltd.
Millennium Centre-Suite 300
200 Market Avenue North
Canton, Ohio 44701-4213

For Defendant-Appellee                        Atty. Donald R. Burns, Jr.
Board of Commissioners                 Carroll County Prosecutor
of Carroll County, Ohio:                   Atty. Steven D. Barnett
Assistant Prosecuting Attorney
11 East Main Street
Carrollton, Ohio 44615

For Defendant-Appellee                        Atty. Ronald W. Dougherty
Radius Hospitality Management, LLC:    Atty. Kristen L. Fitchko
Krugliak, Wilkins, Griffiths
   & Dougherty Co., L.P.A.
4775 Munson Street, N.W.1
P.O. Box 36963
Canton, Ohio 44735-6963

For Defendant-Appellee                        Atty. J. Kevin Lundholm
Muskingum Watershed Conservancy District:  Atty. Jonathan C. Mizer
Kyler, Pringle, Lundholm
   & Durmann
A Legal Professional Association
405 Chauncey Ave. N.W.
New Philadelphia, Ohio 44663

WAITE, J.

**{¶1}** In this taxpayer action, Appellants Countryside Investors, LLC and Donald and Robin Warner appeal a January 4, 2013 Carroll County Common Pleas Court judgment entry granting summary judgment to Appellees Board of Commissioners of Carroll County, Ohio ("Carroll County"), Muskingum Watershed Conservancy District ("MWCD"), and Radius Hospitality Management, LLC ("Radius"). Appellants claim that Carroll County lacked statutory authority to enter into an agreement with MWCD allowing the county to own and operate Atwood Lake Resort ("Atwood"). Further, Appellants argue that a related contract between Carroll County and Radius for Atwood's management is illegal and *void ab initio*, as it contained oppressive indemnification provisions that do not comport with R.C. 5705.41(D)(1). For the reasoning provided below, Appellants' arguments are without merit and the judgment of the trial court is affirmed.

<u>Factual and Procedural History</u>

**{¶2}** The Atwood property in question involves a hotel with restaurant and pool facilities, a conference center, campground and golf course. MWCD owned and operated Atwood from 1965 until 2012. During that time period, Atwood operated at a deficit and lost a significant amount of money. As a result, MWCD donated Atwood to Carroll County in January of 2012. The parties entered into a donation agreement where MWCD agreed to donate Atwood and the mineral rights associated with the property so long as Carroll County continued to operate the golf course, hotel, and other facilities.

{¶3}  Shortly thereafter, Carroll County entered into a lease with Radius.  The lease stated, in relevant portion, that Radius would operate the hotel in exchange for nominal rent.  Carroll County agreed to pay the costs to renovate and update Atwood.  Carroll County further agreed to allow Radius to opt out of the contract if it did not make at least $5,000 profit per month before the renovations, and at least $10,000 per month following renovation.  Additionally, the contract included two indemnity provisions: one for any cause of action arising out of the county's actions and a second provision related to the payment for the renovation and reopening of Atwood.  Finally, Carroll County agreed to pay the expenses associated with reopening the property.

{¶4}  Taxpayer Appellants, who are the owners of Countryside Investors, own a hotel in Carroll County which competes with Atwood.  Appellants initiated legal action by serving the Carroll County Prosecutor with a letter requesting that the prosecutor's office intervene and prevent the county from spending public funds on Atwood.  The prosecutor's office did not respond.  Appellants then sought a preliminary injunction to prohibit Carroll County from operating Atwood.  The action was unsuccessful and Appellants appealed to this Court, however, it was voluntarily dismissed.  Appellants then brought a taxpayer's action in the trial court challenging Carroll County's ability to own and operate Atwood.  MWCD filed a motion for summary judgment, which the trial court granted.  Appellants have now filed a timely appeal from this ruling by the trial court.

## Summary Judgment

**{¶5}** An appellate court reviews a trial court's decision to grant summary judgment *de novo* using the same standards as the trial court, in accordance with Civ.R. 56(C). *Campbell Oil Co. v. Shepperson*, 7th Dist. No. 05-CA-817, 2006-Ohio-1763, ¶8, citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

**{¶6}** When ruling on a motion for summary judgment, the trial court must look at all facts in the light most favorable to the non-moving party and find that: "(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party." *Campbell Oil Co.* at ¶8, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

**{¶7}** In moving for summary judgment, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.) *Campbell Oil Co.* at ¶9, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). In response, the non-moving party must set forth specific facts showing that there is a genuine issue of fact for trial and that a reasonable factfinder could rule in that party's favor. *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 386, 701 N.E.2d 1023 (8th Dist.1997).

## FIRST ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN HOLDING THAT R.C. 307.02 GRANTS POWER TO A POLITICAL SUBDIVISION TO EXPEND TAXPAYER FUNDS TO OWN AND OPERATE A MULTI-MILLION DOLLAR VACATION RESORT.

{¶8} In relevant part, R.C. 307.02 provides that a board of county commissions may either purchase, lease, construct, or build the following facilities:

[A] courthouse, county offices, jail, county home, juvenile court building, detention facility, public market houses, retail store rooms and offices, if located in a building acquired to house county offices, for which store rooms or offices the board of county commissioners may establish and collect rents or enter into leases as provided in section 307.09 of the Revised Code, county children's home, community mental health facility, community mental retardation or developmental disability facility, facilities for senior citizens, alcohol treatment and control center, other necessary buildings, public stadiums, public auditorium, exhibition hall, zoological park, public library buildings, golf courses * * *.

{¶9} As a county is only permitted to act in a manner authorized by statute, Appellants assert that Carroll County may only own and operate Atwood if expressly authorized by a statute. Although the theory of *ejusdem generis* was used to expand the categories found in R.C. 307.02, Appellants argue that an application of *ejusdem generis* must be limited, as it is a mechanism meant to restrict, not expand, a

definition. Although a county is allowed to own and operate a "necessary building," Appellants contend a resort cannot be considered "necessary." Further, as this case involves public funds, Appellants urge that the acts must be authorized by the "clear authority of law." (Appellants' Brf., p. 9.) Noting that any applicable statute must be strictly construed against Carroll County, Appellants conclude that there is no statutory authority supporting Carroll County's actions, here.

{¶10} Carroll County responds by arguing that several statutes provide it with the authority to own, and operate the Atwood property. Carroll County cites to a series of statutes which, as a whole, allow it to: accept a donation, abide by any reasonable terms of a donation agreement, acquire real estate for parks, acquire recreational facilities, and lease or purchase a golf course. Pursuant to the authority granted in these statutes, Carroll County states that it is authorized not only to own and operate Atwood, but also accept the terms of the donation agreement that requires operation of the facilities associated with the resort.

{¶11} In addition to Carroll County's arguments, Co-Appellee MWCD posits an additional argument based on R.C. 307.02, which allows a county to own and operate "public market houses, retail store rooms and offices," if these buildings are "necessary." However, the language of R.C. 307.02 states that a county can own public market houses, retail store rooms and offices when they are, "located within a building acquired to house county offices." There is no evidence in this record that Atwood houses county offices, thus this section of R.C. 307.02 appears inapplicable.

{¶12} MWCD also argues that although operation of a hotel and other resort facilities is not specifically listed within R.C. 307.02, Appellants are too limited in their *ejusdem generis* argument, especially considering the similarities between the resort and the kind of facilities listed in the statute. MWCD argues that similar facilities that are devoted to enjoyment by the general public have qualified as a "necessary building." MWCD notes that Atwood is open to and benefits the entire public, not just a specific private group.

{¶13} Co-Appellee Radius adopts Carroll County's arguments and also advances two additional arguments. First, Radius asserts that taxpayer funds are not being used in this venture, as Atwood was donated to the county. Second, Radius notes that the recreational and conference areas of the resort draw out-of-county guests, which results in a need for temporary lodging for these guests.

{¶14} In Ohio, it is well established that a board of county commissioners is a creature of statute and has "only such power and jurisdiction as are expressly conferred by statutory provision." *State ex rel. Shriver v. Board of Commissioners,* 148 Ohio St. 277, 280, 244 N.E.2d 248 (1947), citing *Elder v. Smith, Auditor,* 103 Ohio St. 369, 133 N.E. 791 (1921). One power expressly conferred to a board of commissioners by statute is the ability to accept donations and to abide by any reasonable terms of the donation. See R.C. 9.20.

{¶15} Here, the Carroll County Board of Commissioners accepted a donation, the Atwood property, from MWCD. Pursuant to R.C. 9.20, Carroll County was permitted to accept Atwood and abide by any reasonable terms of the donation

agreement. The remaining question is whether the terms of the donation agreement were reasonable. Looking to the donation agreement, the terms required Carroll County to operate the golf course, hotel, and other facilities. To aid in our determination as to whether these terms are reasonable, we first look to the Ohio Revised Code.

{¶16} Pursuant to R.C. 307.02, a board of commissioners is expressly permitted to own a golf course. Thus, the operation of the golf course is not in question, here. Turning to the real crux of Appellants' complaint, whether operation of the hotel and conference center is proper, there are no statutes that specifically address whether a board of commissioners can operate a hotel or conference center. However, several attorney general opinions do provide some guidance. In 2009 one such opinion noted that the facilities listed within R.C. 307.02 are specifically devoted to use by the general public and serve the public or a sector of the public in some way. 2009 Atty.Gen.Ops. No 2009-040, at *3. Thus, part of the question looks to be whether ownership and operation of the hotel and conference center serve the general public or a sector of the public.

{¶17} Addressing first the hotel, evidence shows that it serves the general public. Carroll County has a stated interest in promoting tourism. Tourism serves the general public, as it encourages out-of-town guests to travel to the local community, which provides several benefits to the community and to the local businesses. Appellants describe Atwood as a recreational resort. One of the drawing cards to attract tourism and travel is the availability of recreational facilities. As stated in an

attorney general opinion, "[a] major aspect of tourism and its promotion involves encouraging persons to travel from their homes to particular places for pleasure, personal reasons, or recreational purposes." 2003 Atty.Gen.Ops. No. 2003-039, at *4. The county itself has other features to attract tourism, but the recreational facilities at Atwood also serve as a draw. As the hotel serves and promotes all of these, the trial court did not err in finding that its continuing operation was reasonable and serves a public use.

{¶18} Turning to the conference center, such facility caters to many sectors of the public, notably the business sector. However, a conference center is not limited to solely the business sector, as many other social and public events are commonly held at such facilities. Additionally, similar to the support provided by the hotel to Atwood's recreational facilities, the hotel provides a housing structure for those traveling to events or business meetings at the conference center. All of this, of course, promotes tourism. Thus, the conference center also serves the general public or, at the least, some sectors of the public.

{¶19} In 2009 the state attorney general opined that even though a specific type of building is not listed within the language R.C. 307.02, the theory of *ejusdem generis* should be applied to expand its categories to include buildings of a similar nature. 2009 Atty.Gen.Ops. No 2009-040, at *3. When applying *ejusdem generis,* a court should consider the specific features and characteristics of the facilities specified by statute and determine whether the facility at issue "reasonably is within

the legislative intent that underlies the general phrase 'other necessary buildings.' "
*Id.*

**{¶20}** R.C. 307.02 specifically permits counties to own and operate several similar recreational facilities including: public stadiums, public auditoriums, exhibition halls, and zoos. Both Atwood and the facilities listed within R.C. 307.02 are rooted in recreational activities which are open to the public. Under the theory of *ejusdem generis,* the trial court did not err in deciding that the hotel and conference center are ancillary to those facilities listed within R.C. 307.02, and ownership and operation by Carroll County are thus permitted by statute.

**{¶21}** As for Appellants' argument regarding the financial burden on the taxpayers, the record reveals that any such burden is minimal. This property was donated to the county. In addition to the property itself, MWCD also donated the mineral rights associated with the property to offset the costs of its operation. The mineral rights have been leased for $2.2 million. Thus, the burden of operating Atwood is greatly reduced as a result of money generated from the mineral rights. Accordingly, Appellants' first assignment of error is without merit and is overruled.

<u>SECOND ASSIGNMENT OF ERROR</u>

THE TRIAL COURT ERRED IN HOLDING THAT THE CONSTITUTION OF THE STATE OF OHIO, SPECIFICALLY ARTICLE VIII, § 13, AUTHORIZES A POLITICAL SUBDIVISION TO OWN AND OPERATE A MULTI-MILLION DOLLAR VACATION RESORT.

**{¶22}** Appellants claim that the trial court erred in deciding that Article VIII, Section 13 of the Ohio Constitution ("Section 13") allowed Carroll County to own and operate Atwood. They argue that this section of the constitution is not self-executing and as such does not support Carroll County's actions on its own. Hence, the trial court's decision must be reversed.

**{¶23}** A constitutional provision that merely sets out general principles is not self-executing. *State ex rel. Russell v. Bliss,* 156 Ohio St. 147, 151, 101 N.E.2d 289 (1951). A self-executing provision fixes the nature and extent of the right conferred, and imposes liability by the very terms of the constitution, itself. *Id.* Thus, both the claimed rights and liability can be determined by examining the constitutional language. *Id.* It is presumed that all constitutional provisions are self-executing. *Id.*

**{¶24}** In relevant part, Section 13 allows the state and its political subdivisions to create and preserve jobs and employment opportunities, as employment of its citizens is in the public interest. Further, Section 13 allows the state and its political subdivisions to acquire, construct, enlarge, improve, and equip facilities within the State of Ohio for purposes of industry, commerce, distribution, and research. Section 13 states that "[t]he powers herein granted shall be in addition to and not in derogation of existing powers of the state or its political subdivisions * * *."

**{¶25}** Appellants argue that Section 13 is not self-executing, so that an independent source of authority must exist in order to authorize action. Appellants argue that the trial court erroneously authorized Carroll County to own and operate Atwood pursuant to Section 13 without determining that a statutory source clearly

authorized this action. Appellants cite to two Ohio Supreme Court cases which have held that the language, "[l]aws may be passed to carry into effect such purposes," found within Section 13, reflects that this section is not self-executing. See *State v. Aetna Cleaning Contractors of Cleveland, Inc.,* 45 Ohio St.2d 345 N.E.2d 61 (1976); *Elder v. Shoffstall,* 90 Ohio St. 265, 107 N.E. 539 (1914). Appellants argue that the language of Section 13 merely permits the general assembly to pass laws to create and preserve jobs: that this section merely recognized that such further action is in the public interest and has a proper public purpose. Appellants claim that no court has authorized government action solely based on this section of the constitution without further statutory enactments.

{¶26} Appellants also assert that the issue of whether a political subdivision can own and operate a facility such as Atwood is a political question. Therefore, only the general assembly and governor can determine whether such an action is permitted. For these reasons, Appellants argue that the trial court's decision violates the Ohio Constitution.

{¶27} In response, the county argues that Section 13 of the constitution provides a broad grant of authority and its terms are clear and unambiguous. Carroll County explains that there are two parts to any analysis under this section. First, it must be shown that the facility in question is within the State of Ohio and generally benefits commerce. Second, it must be shown that the purpose of the facility is to maintain and create jobs. Carroll County notes that the facility's location is not in question as it is clearly located within the State of Ohio. It is also uncontested that

the facility's purpose is to maintain and create jobs. In a lengthy and somewhat convoluted argument, they also urge the conclusion that Atwood benefits commerce. Co-Appellees Radius and MWCD join Carroll County in this argument.

{¶28} Although Appellees devote a significant portion of their argument to this Section 13 analysis, such argument is unnecessary. Appellants' sole argument, here, is that the trial court erroneously found Section 13 to be self-executing. Appellants ignore the fact that the trial court did not rule solely on the basis of the constitutional provision. Hence, the trial court did not rule that the provision was self-executing. Instead, the trial court began its analysis with a discussion of R.C. 307.02, which we addressed under the first assignment of error.

{¶29} Once the trial court determined that statutory authority exists to support Carroll County's action in owning and operating the resort, the court examined whether Carroll County's ownership and operation of Atwood was constitutionally appropriate. The court noted that Section 13 gave Carroll County the power to acquire property within the state for purposes of industry and commerce, thus Section 13 (by and through R.C. 307.02) authorized the county to own and operate Atwood.

{¶30} Although the court did state that Section 13 of the constitution authorized Carroll County's actions, this determination was not made in a vacuum, as Appellants contend. The court specifically stated that R.C. 307.02 statutorily supported these actions. As the trial court held that R.C. 307.02 authorized the

acquisition, its reliance on Section 13 of the constitution was completely appropriate. Accordingly, Appellants' second assignment of error is without merit and is overruled.

<u>THIRD ASSIGNMENT OF ERROR</u>

THE TRIAL COURT ERRED IN NOT REACHING THE QUESTION OF WHETHER THE BOARD'S ACTIONS IN ENTERING INTO AN OPPRESSIVE CONTRACT WITH RADIUS VIOLATED OHIO LAW.

**{¶31}** In their final assignment, Appellants contend that even if we find in Appellees' favor as to the ownership and operation of Atwood, the contract between Carroll County and Radius is illegal and *void ab initio*. According to Appellants, Carroll County entered into a contract with Radius that includes two "oppressive indemnification provisions." (Appellants' Brf., p. 26.) Appellants assert that, according to the Ohio Attorney General, a county can enter into an indemnification provision only when the contract specifies a maximum dollar amount for which the county agrees to be held liable and the amount is appropriated and certified in accordance with R.C. 5705.41(D)(1). Appellants argue that the requirement was not met in this case, as neither indemnity provision caps the county's potential liability. Thus, Appellants claim that Carroll County would have been unable to appropriate the necessary funds to satisfy its potential obligations before finalizing the contract, and this is required by law.

**{¶32}** Carroll County appears to concede that the appropriate contractual procedures were not completely followed here, but urge that Appellants waived this argument by failing to raise the issue in the complaint or amended complaint. Even

so, Carroll County argues that Appellants lack standing to contest the issue as they are not a party to the contract. Co-Appellee Radius has adopted Carroll County's argument.

**{¶33}** Co-Appellee MWCD does not concede that the contractual procedure was flawed. MWCD argues that all necessary indemnity provisions between MWCD and Carroll County exist within the donation agreement between it and MWCD. However, Appellants do not challenge the indemnification provisions involving the MWCD donation agreement. Rather, Appellants are challenging the indemnity provisions between Carroll County and Radius.

**{¶34}** Before we can address the merits of Appellants' argument, we must first determine whether they have standing on this issue. Appellants claim they have standing pursuant to R.C. 309.13, which allows a taxpayer to bring an action to restrain, recover, or receive damages from the contemplated misuse of funds or an illegal contract when the prosecutor fails to bring such action when properly requested. Importantly, R.C. 309.13 allows such an action to be filed only for the benefit of the county.

**{¶35}** The law does not allow "mere interlopers to meddle with the affairs of the state." A taxpayer lawsuit is permitted only when the public injury at issue will be serious. *State ex rel. Teamsters Local Union 436 v. Cuyahoga Cty. Bd. of Commrs.*, 132 Ohio St.3d 47, 2012-Ohio-1861, 969 N.E.2d 224, ¶12, citing *State ex rel. Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d at 472, 715 N.E.2d 1062 (1999). When the remedy sought is merely for the taxpayer's individual benefit, the

taxpayer has no standing, as he or she cannot assert that the individual taxpayer is vindicating a public right. *Id.*

**{¶36}** The Ohio Supreme Court has held in a series of cases that when the court believes that an assertion of public protection is a pretext for a personal benefit, there is no standing. *Id.* at ¶14. See *Cleveland ex rel. O'Malley v. White*, 148 Ohio App.3d 564, 2002-Ohio-3633, 774 N.E.2d 337, ¶42-47 (8th Dist.) (although union cited public safety for contesting the county's decision to use non-union electricians to perform certain jobs, the union's motivation was protecting the union members. Thus, there was no public interest in the action.)

**{¶37}** Here, it is clear from the record that Appellants' lawsuit is aimed at protecting their private interests rather than the interests of the public. Nowhere in Appellants' brief do they argue that the public interest is threatened by the Radius contract. In fact, Appellants never even mention the public. Instead, Appellants devote the arguments within their brief to alleging that the unfair "government subsidy" given to Radius is affecting the fairness of competition among local hotels, their own hotel included. As the record supports a determination that the motivation for the lawsuit was to protect the private, financial interests of Appellants' hotel rather than the interests of the general public, they lack standing on this issue pursuant to R.C. 309.13. Appellants' third assignment of error is without merit and is overruled.

### Conclusion

**{¶38}** As Article VIII, Section 13 of the Ohio Constitution through R.C. 307.02 authorize Carroll County's actions in owning and operating Atwood, the trial court did

not err in granting summary judgment in Appellees' favor. Further, Appellants lack standing to bring a taxpayer action on the issue of the management contract, thus the trial court did not err in failing to address this contract between Carroll County and Radius. The judgment of the trial court is hereby affirmed in full.

Donofrio, P.J., concurs.

Robb, J., concurs.