Benevolent & Protective Order of Elks of United States of Am. & N. Tonawanda Lodge No. 860 of Benevolent & Protective Order of Elks of United States of Am. v Creative Comfort Sys., Inc. (2021 NY Slip Op 01672)





Benevolent & Protective Order of Elks of United States of Am. & N. Tonawanda Lodge No. 860 of Benevolent & Protective Order of Elks of United States of Am. v Creative Comfort Sys., Inc.


2021 NY Slip Op 01672


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ.


1121 CA 19-02055

[*1]BENEVOLENT AND PROTECTIVE ORDER OF ELKS OF UNITED STATES OF AMERICA AND NORTH TONAWANDA LODGE NUMBER 860 OF BENEVOLENT AND PROTECTIVE ORDER OF ELKS OF UNITED STATES OF AMERICA, PLAINTIFFS-RESPONDENTS,
v
CREATIVE COMFORT SYSTEMS, INC., AND REIMER HEATING AND AIR CONDITIONING, INC., DEFENDANTS-APPELLANTS. (APPEAL NO. 1.) 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (MARCO CERCONE OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
WEBSTER SZANYI LLP, BUFFALO (THOMAS S. LANE OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered May 22, 2019. The judgment awarded plaintiffs a money judgment upon a jury verdict. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages sustained as the result of a fire caused by defendants' negligent installation of a boiler in plaintiffs' headquarters, a 20,000-square-foot lodge (Lodge). The fire resulted in the demolition of the Lodge. Defendants stipulated to liability and, after a trial on damages only, a jury awarded plaintiffs, inter alia, $3,200,000 in replacement cost damages less 35% depreciation. In appeal No. 1, defendants appeal from the resulting judgment. In appeal No. 2, defendants appeal from an order that, among other things, denied defendants' motion seeking, inter alia, to set aside the verdict and for a new trial.
As an initial matter, the appeal from the judgment in appeal No. 1 brings up for review the propriety of the order in appeal No. 2, and thus the appeal from the order in appeal No. 2 must be dismissed (see Gumas v Niagara Frontier Tr. Metro Sys., Inc., 189 AD3d 2095, 2095-2096 [4th Dept 2020]; see also CPLR 5501 [a]).
Before the damages trial, plaintiffs moved for summary judgment on, inter alia, the issue whether the Lodge should be classified as specialty property. We reject defendants' contention that Supreme Court erred in granting the motion to that extent and determining that the damages at trial should be evaluated using the reproduction or replacement cost, less depreciation method. Generally, "where a building is destroyed, the usual measure of damages is the difference between the market value of the building before and after the injury" (Sandoro v Harlem-Genesee Mkt. & Nursery, 105 AD2d 1103, 1104 [4th Dept 1984]). However, an exception to that rule applies when the building qualifies as a specialty property (see Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes, 92 NY2d 192, 197 [1998]). The following criteria must be met for such a classification: (1) the property "must be unique and must be specifically built for the specific purpose for which it is designed"; (2) it must have been designed and used for a particular "special use"; (3) there must be no market for the type of [*2]property and no sales of property for such use; and (4) it must be "an appropriate improvement at the time of the taking . . . and its use must be economically feasible and reasonably expected to be replaced" (Matter of Allied Corp. v Town of Camillus, 80 NY2d 351, 357 [1992], rearg denied 81 NY2d 784 [1993]). "Churches, hospitals, clubhouses and like structures held by nonprofit agencies as centers for community service commonly fall within [the specialty] category" (Matter of Rochester Urban Renewal Agency [Patchen Post], 45 NY2d 1, 9 [1978]).
On appeal, defendants contend only that the first and third criteria for determining whether the Lodge qualified as a specialty property were not met. We reject that contention. Plaintiffs met their initial burden with respect to both of those criteria through the submission of the affidavit and deposition testimony of their expert, a real estate appraiser. The expert averred that the Lodge was unique inasmuch as it was constructed in 1921 for the express purpose of serving as an Elks lodge and had unique features including a "custom-built ceremonial" room, a formal ballroom, "extensive and ornate woodwork, large stained-glass windows, plaster walls and high ceilings," and a custom-built bar. As to marketability, he opined that there were few or no sales of similar buildings and no sales of buildings having a similar use, i.e., a fraternal lodge.
In opposition to the motion, defendants failed to raise a triable issue of fact with respect to the relevant criteria. Although defendants submitted the affidavit of a real estate developer, wherein the developer opined that the Lodge could be converted into "restaurants and bars, event space, office and apartments," he did not opine as to the economic feasibility of such a conversion. Thus, we conclude that the court properly granted plaintiffs' motion in part and determined the Lodge to be specialty property (see generally Matter of Village of Newark Urban Renewal Agency v Newark Grange No. 366, 57 AD2d 1065, 1065 [4th Dept 1977], affd 45 NY2d 1 [1978]; Matter of Rochester Urban Renewal Agency [Patchen Post], 55 AD2d 1029, 1030 [4th Dept 1977], affd 45 NY2d 1 [1978]). Inasmuch as plaintiffs established their entitlement to judgment as a matter of law on the issue of the Lodge being specialty property, the court properly determined that replacement or reproduction cost, less depreciation is the appropriate method of valuation (see generally Gramercy Boys' Club Assn. v City of New York, 141 AD2d 365, 367 [1st Dept 1988], affd 74 NY2d 678 [1989]).
We further reject defendants' contention that the court erred by precluding at trial their expert real estate appraiser from testifying regarding his replacement cost calculations. While it appears that the software program the expert utilized to calculate such cost was generally relied upon in the profession of a construction cost evaluator (see generally Caleb v Sevenson Envtl. Servs., Inc., 117 AD3d 1421, 1422 [4th Dept 2014], lv denied 23 NY3d 909 [2014]; Matter of State of New York v Motzer, 79 AD3d 1687, 1688 [4th Dept 2010]), it was the sole basis for the opinion of defendants' expert on replacement costs. He acknowledged to the court that he had no independent knowledge to confirm the figure. Thus, we conclude that the court did not err in limiting his testimony (see generally Matter of Fistraw-Del Holding Corp. v Assessor for Town of Colonie, 235 AD2d 660, 662 [3d Dept 1997]).
Finally, we reject defendants' contention that the court erred in denying that part of their posttrial motion to set aside the verdict as contrary to the weight of the evidence. It is well settled that a motion to set aside a jury verdict as against the weight of the evidence should not be granted unless "the evidence so preponderate[d] in favor of the [movant] that [the verdict] could not have been reached on any fair interpretation of the evidence" (Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995] [internal quotation marks omitted]). Here, the jury's replacement cost and depreciation percentage was within the range of construction costs and depreciation presented by the witnesses at trial by both parties. We have considered defendants' remaining contention and conclude that it does not warrant reversal or modification of the judgment.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court